McALLEN et al. v. WOOD.   (No. 5948.)

(Court of Civil Appeals of Texas.   San Antonio.   Jan. 30, 1918.   Rehearing Denied March 13, 1918.)

1. GUARDIAN AND WARD ⬅️⟳13(8)—APPOINTMENT OF GUARDIAN — CERTIORARI TO REVIEW—JURISDICTION OF DISTRICT COURT.

The district court has jurisdiction to entertain certiorari to revise an order of the county court appointing a temporary guardian, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4096, 4301, relating to guardianship and decisions of the county court.

2. APPEAL AND ERROR ⬅️⟳759—BRIEFS — ASSIGNMENTS OF ERROR.

The division in the brief of an assignment of error into several parts with separate propositions violates rule 29 for the Courts of Civil Appeals (142 S. W. xiii), and the assignment cannot be reviewed.

3. GUARDIAN AND WARD ⬅️⟳13(4) — TEMPORARY GUARDIAN—APPOINTMENT.

Evidence held insufficient to show that a temporary guardian was appointed or had himself appointed for the mere purpose of giving employment to attorneys who desired to harass the mother of the children.

4. GUARDIAN AND WARD ⬅️⟳13(1)—APPOINTMENT.

Where a mother of minors claims all of the estate left by her husband, who left property to the children in his will, it is not contrary to good morals and public policy to appoint a third person as a guardian to protect the interest of the minors, because it is better that the children loose some money in litigating their rights than that they lose all that they are entitled to.

5. CERTIORARI &#9901;&#8594;64(1)—ISSUES—SCOPE OF REVIEW.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 740, relating to certiorari to county courts, the district court is confined to facts alleged, as well as grounds of error specified, in the application showing that a different judgment should be entered.

6. APPEAL AND ERROR &#9901;&#8594;231(3)—OBJECTIONS —GROUNDS.

Where ground of objection to admission of evidence is not stated, the matter cannot be reviewed.

7. APPEAL AND ERROR &#9901;&#8594;1054(1)—HARMLESS ERROR.

Admission of conclusions of a witness upon a trial without a jury will not justify a reversal.

8. WITNESSES &#9901;&#8594;199(1)—PRIVILEGED COMMUNICATIONS.

Communications to an adviser, who is not licensed to practice law and is not a practicing attorney, are not privileged.

9. APPEAL AND ERROR &#9901;&#8594;232(2)—OBJECTIONS —GROUNDS.

Where the only objection to a question was that it called for a conclusion, all other grounds were waived.

10. APPEAL AND ERROR &#9901;&#8594;690(7)—RECORD— SHOWING QUESTIONS AND ANSWERS.

Where answer to question is not shown in the assignment of error, and statement of facts for bill of exceptions, to which reference is made, sets forth certain testimony of the witness, but does not show the question asked, no error is presented.

11. GUARDIAN AND WARD &#9901;&#8594;13(4)—APPOINTMENT—QUALIFICATIONS—EVIDENCE.

In proceeding to be appointed guardian of her children, declarations of applicant that she was the owner of the estate left by her husband's will to the children were admissible as bearing on her qualifications.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Certiorari by Margaret R. McAllen in the district court to review an order of the county judge of Cameron county, on his own motion, appointing A. Wayne Wood temporary guardian of the estates of Mildred, Salome, Eldred and Argyle McAllen. From a judgment affirming the order of the county judge and denying the petitions of Margaret R. McAllen and an intervener, Martha Rohde, to be appointed guardians, the latter appeal. Affirmed.

T. Wesley Hook, of Kingsville, and Canales & Dancy, of Brownsville, for appellants. F. W. Seabury and James A. Graham, both of Brownsville, for appellee.

MOURSUND, J. On June 8, 1917, the county judge of Cameron county, on his own motion, appointed A. Wayne Wood temporary guardian of the estates of Mildred, Salome, Eldred, and Argyle McAllen, all minors under the age of 14 years. On June 12, 1917, Margaret R. McAllen, the mother of said children, filed in the district court of Cameron county her petition for writ of certiorari to review and correct the said order appointing such temporary guardian, and prayed for and secured an order superseding said order until a hearing could be had. In her petition Mrs. McAllen sought to be appointed guardian of the estates of said minors if a guardianship appeared to the district court to be necessary.

On June 16, 1917, A. Wayne Wood, as such temporary guardian, filed his application to revise and set aside the orders theretofore made by the district judge for certiorari and for supersedeas.

On June 16, 1917, Martha Rohde, a sister of Mrs. McAllen, filed her plea of intervention, objecting to the appointment of Wood and praying that such appointment be set aside, and in the event it is found that a guardianship is necessary, and that Mrs. McAllen is disqualified to act as such, then that she be appointed as guardian of any estates of said minors.

On June 16, 1917, the trial was begun on the motion to set aside the order granting the writ, and on June 20th Mrs. McAllen filed a request that the district court render a final judgment on the merits of the cause on the termination of the trial. On June 23d, the hearing having closed, the court rendered a final judgment affirming the order of the county judge and confirming the appointment of Wood as temporary guardian, annulling the writ of supersedeas, and overruling and denying the petitions of Mrs. McAllen and Martha Rohde for appointment of themselves as temporary guardian in place of said Wood. Mrs. McAllen by supersedeas bond perfected an appeal and Martha Rohde also appealed.

[1] The contention by appellee that the district court had no jurisdiction to entertain a petition for writ of certiorari to revise an order appointing a temporary administrator is without merit. Article 4096 makes all provisions of the title relating to the guardianship of minors applicable to temporary guardianships in so far as the same are applicable, and not inconsistent with any of the provisions relating to temporary guardianships. Article 4301 provides that any person interested may have any decision, order, or judgment of the county court or county judge revised and corrected by writ of certiorari from the district court under the same rules and regulations as are provided in estates of decedents. There is no inconsistency between the provision allowing an appeal and the provision allowing a contest of the order appointing the temporary guardian to be made at the following term of court, in order to raise the issue who shall be appointed permanent guardian.

[2] Objection is made to appellants' brief in so far as it attempts to submit the first assignment of error contained in the transcript. Instead of copying the assignment in the brief, it is subdivided into six assignments, designated as first assignment, subdivision "a," first assignment, subdivision

"b," etc. Each of these assignments is followed by propositions and statements. This method of briefing is in violation of rule 29 for the Courts of Civil Appeals (142 S. W. xiii), which requires that the assignments be copied in the brief. Mansfield v. Mansfield, 198 S. W. 169; Progressive Oil Co. v. Crawford, 184 S. W. 728. It is not permissible to reconstruct assignments, as was done in this case by making six assignments in the brief out of one contained in the transcript. The two assignments presented by Martha E. Rohde are subject to the same objections. Such assignments will not be considered.

[3] It is contended in the second assignment of error that the judgment of the district court is contrary to law in that the uncontroverted evidence shows that it is an attempt on the part of the temporary guardian, at the instigation and for the benefit of certain attorneys to institute a suit against plaintiff for the purpose of distressing and harassing her, and of enforcing the employment of said attorneys, which is contrary to the statute of barratry. Of course, the judgment of the court could not be an attempt on the part of the guardian to do anything, so we assume that it is contended that Wood had himself appointed for the purpose of bringing suit against Mrs. McAllen, at the instigation and for the benefit of certain attorneys, for the purpose of distressing and harassing her, and of enforcing the employment of said attorneys. The county judge, on his own motion, appointed Wood, and there is no evidence that he sought the appointment or that his purpose in accepting the appointment was to benefit any attorneys. It appears that two firms of attorneys had some differences with Mrs. McAllen about a contract of employment to represent her in certain litigation, but that, acceding to her contentions, the matter was dropped with the understanding that there was no employment. One of these attorneys was employed by the guardian, and it seems that appellant's theory is that by accepting such employment he would participate in the litigation involving the McAllen property as attorney for the guardian, and be enabled to collect a fee from the estates of the minors, if they have estates, and therefore it ought to be assumed that he instigated Wood to become guardian. The record discloses absolutely nothing improper in the conduct of any of the attorneys referred to or the guardian, and quite naturally the district court refused to hold Wood disqualified on assumptions not warranted by the evidence. As Mrs. McAllen claims to own practically all of the McAllen estate under instruments executed by McAllen shortly before his death, it is apparent that the minors, although bequeathed four-fifths of the estate by a will duly probated at the instance of Mrs. McAllen, will be deprived of the right to have the validity of the instruments relied on by their mother determined by the courts, if she is to be held exempt from suits on the ground that the same may vex and harass her. The guardian was appointed for the protection of the estates of the minors, and it was necessarily contemplated that litigation with Mrs. McAllen might be necessary in order to determine what their rights are. The assignment is overruled.

[4] The third assignment asserts that the court erred in its judgment in confirming the appointment of A. Wayne Wood as temporary guardian "for the reason that it is contrary to good morals and sound public policy." In support of the contention, it is urged that the appointment was instigated as a result of the refusal of Mrs. McAllen to employ certain attorneys to represent her in the management of the McAllen estate. There is no evidence pointed out which shows that any one instigated the appointment, but surely the judgment of the district court is not dependent on the motives of those who cause to be brought to the attention of the county judge facts relating to the estates of minors. It is further urged that the uncontroverted evidence shows that it is an attempt on the part of certain Masons of Brownsville to dictate to Mrs. McAllen who should be her legal advisers in the management of her private affairs. We fail to see how any number of attempts to dictate to Mrs. McAllen who her advisers should be could justify the court in refusing to appoint a guardian, nor how it could disqualify Wood from being guardian even if he had attempted to dictate to her. It is not necessary that he should approve of Mrs. McAllen's choice as adviser in order to be qualified to safeguard the interests of the minors. Mrs. McAllen, who claims the entire estate as against her minor children, appears to distrust the motives of all who have interested themselves for the protection of the minors, and to be of the opinion that such interest is prompted by the desire of receiving compensation for what they do for the minors. These views are natural; for, as is usual in such cases, she cannot reconcile herself to the view that there is a conflict of interest between herself and her children. She believes she ought to have the estate and manage it, and that all outside interference will but result in depleting the estate, and thus lessen her ability to care for the children. This theory overlooks the fact that, as she claims title to all the estate under instruments which were executed under circumstances raising a question as to their effect and validity, the interest of the minors can only be adequately protected by having them represented by some one who will have the effect and validity of such instruments tested in a court of competent jurisdiction at a time when witnesses are living, and the testimony bearing on the issue is obtainable. If the minors' right to an estate be established,

it is, of course, true that reasonable compensation will be allowed by the court out of such estate to those performing services for the minors, but the law regards it as better for the interests of the minors to lose such amounts than for them to lose their entire estate. The assignment is overruled.

[5] In her application for writ of certiorari appellant urged two grounds of objection against Wood's appointment, neither of which is presented in assignments 2 and 3. Under our statutes (article 740) she is confined to the grounds of error specified in the application for the writ. This, we believe, means that she is confined to the facts alleged by her as showing that a different judgment should be entered than the order appealed from. Jirou v. Jirou, 136 S. W. 493. The matters pleaded in the application wholly fail to show any disqualification of Wood to be guardian.

[6, 7] The fourth assignment complains of the admission of testimony by Dr. G. D. Fairbanks that the deeds and bills of sale by James B. McAllen were executed in contemplation of death. The bill of exceptions referred to discloses that a question was objected to, but does not show that any grounds of objection were stated. The assignment must therefore be overruled. Bonart v. Waag, 61 Tex. 33; Buckler v. Kneezell, 91 S. W. 367. In addition, it appears that the testimony of the witness does not correspond to that stated in the assignment, as he declined to state that the instruments were executed in contemplation of death. We may also add that he testified fully as to the facts, and his statement of his conclusion upon a trial before the court without a jury would not justify a reversal of the judgment.

[8] The fifth assignment is overruled. The question was not leading, nor was the communication privileged on the ground that it was between attorney and client. Dr. Fairbanks testified he had no license to practice law, and that he was not a practicing attorney.

[9] By the sixth assignment complaint is made because the court permitted Dr. Fairbanks to be asked whether he would still advise Mrs. McAllen not to convey to her children the interests that the will provides they should have, if he knew it would end the guardianship controversy. The bill of exceptions shows no objection except that the question calls for a conclusion. This amounts to a waiver of other objections. Kimmarle v. Railway, 76 Tex. 686, 12 S. W. 698; Wheeler v. Railway, 91 Tex. 356, 43 S. W. 876. There is no merit in such objection. An evasive answer was returned by the witness, and if the testimony actually given was deemed prejudicial, error should have been assigned to its admission. The assignment is overruled.

The seventh assignment complains of the admission of a copy of a power of attorney in blank prepared for James B. McAllen, but never signed by him. It is contended that this instrument was irrelevant and immaterial, but it is not attempted to be shown how the admission thereof could have injured appellant's case.

[10] The eighth assignment complains because the court permitted witness Hallam to be asked and to answer a certain question. The assignment does not disclose the answer to the question, but in the statement certain testimony of the witness is set out. We are referred to the statement of facts for bill of exceptions, but the same does not show that the question complained of was asked. The assignment must therefore be overruled.

[11] The testimony elicited in answer to the question complained of in the ninth assignment was admissible. The witness stated a conversation between himself and Mrs. McAllen which showed that Mrs. McAllen claimed all of the McAllen property as her own under the instruments executed prior to his death, and that she was unwilling to convey the property to the estate, or to the children such part as the will called for them to have. This testimony had a direct bearing on her qualifications to be appointed guardian, as it showed that she claims the entire estate as her own, and that a suit against her will be required to determine whether or not the children have an estate.

The testimony complained of in the tenth assignment as "wholly improper and also irrelevant and immaterial to any issues in this case" was admissible in impeachment of Dr. Fairbanks; the proper predicate having been laid.

The judgment is affirmed.