## LANDGRAF et al. v. LANDGRAF.
### No. 1752.

Court of Civil Appeals of Texas. Eastland.
Feb. 11, 1938.

Rehearing Denied March 11, 1938.

E. T. Simmang, of Giddings, for appellants.

Hodde & Bouldin, of Brenham, for appellee.

GRISSON, Justice.

On February 18, 1935, appellee, C. W. Landgraf, filed his application in the county

court of Washington county for appointment as guardian of the estate of Otto Landgraf, a person of unsound mind. The only process or citation in connection with his application consisted of notice by posting in accordance with article 4115. There was no adjudication of insanity. He was appointed, and on March 15, 1935, qualified. On June 18, 1936, Auguste Landgraf, the mother of Otto Landgraf, filed her application in said court to be appointed guardian of both the person and estate of her son, who was over forty years of age. Citation was duly issued thereon to Otto Landgraf and personal service had. Notice of said application was also given by posting. Articles 4114 to 4117, inclusive; article 4274.

On June 26, 1936, Auguste Landgraf filed in said court a "bill of review and motion to set aside void judgment" in which Chas. W. Landgraf was made defendant. Plaintiff alleged the application by defendant for letters of guardianship, his appointment and qualification; that the defendant took possession of the property of Otto Landgraf; that plaintiff was the mother of Otto Landgraf; that she had not waived her right to such appointment and that she had filed her application therefor. It was then alleged in detail that the appointment of the defendant as guardian of the estate of Otto Landgraf was void, among other reasons, because Otto Landgraf had never been personally served with a writ of citation in said proceeding, nor was a guardian ad litem appointed to represent him, nor was a legal citation ever served in said cause, and further because Otto Landgraf had never been charged, arrested, tried, or convicted as a person of unsound mind. Plaintiff prayed that the order appointing Chas. W. Landgraf as guardian be declared null and void; that he be removed as such guardian; that plaintiff be appointed guardian of the person and estate of said Otto Landgraf; and that the defendant and the sureties on his bond as guardian be required to pay to the legal guardian, thereafter to be appointed, certain sums of money.

In reply to said bill of review, the defendant, Chas. W. Landgraf, answered, among other things, that Auguste Landgraf and her son Theodore Landgraf had caused him to make application for appointment as guardian and had waived their right to such appointment, and he therein made application for his appointment as guardian of both the person and estate of Otto Landgraf.

On July 30, 1936, Auguste Landgraf filed in the district court of Washington county, Tex., a petition for writ of certiorari in which C. W. Landgraf was designated as defendant. The petition alleged the application of C. W. Landgraf for appointment as guardian of the estate of Otto Landgraf, his appointment and qualification. She alleged that she was the mother of Otto Landgraf and entitled to priority in the appointment of a guardian of the person and estate of said lunatic. She alleged that she was qualified and that she had not waived her rights thereto. She further alleged that the appointment of C. W. Landgraf as such guardian was void (a) because Otto Landgraf was at said time over the age of 21 years and was never personally served with citation; (b) that no citation was issued and served as required by law in such cases, etc. She further. alleged that she had filed application to be appointed guardian of the person and estate of her said son, that citation had been duly issued and served, and, further, that said "*application is now pending in said county court, and at the granting of this writ has not been disposed of.*" She prayed for writ of certiorari directed to the clerk of the county court of Washington county "commanding him to make out and certify to this court a transcript of the proceedings had in said court, to-wit: the application of C. W. Landgraf for guardianship—the notice issued and served thereon and the return thereon—the order of the court appointing said defendant guardian as aforesaid—the bond executed by the defendant and the oath subscribed by the defendant, and all other citations or notices, if any, and to certify thereto as being true and correct copies of all proceedings had in the guardianship of Otto Landgraf *relating to the appointment and qualification of said guardian.* * * *" (Italics ours.)

The petition was granted, and the judge of the district court directed the issuance of the writ to the clerk of the county court of Washington county as prayed for.

The clerk of the county court filed a transcript in the district court. It contained (1) all the proceedings with reference to the application and qualification of C. W. Landgraf as guardian of said estate and further (2) the application for guardianship by Auguste Landgraf and citations and notices issued thereon and her bond for costs and (3) the bill of review and the answer of Chas W. Landgraf thereto and the first an-

426

nual account of Chas. W. Landgraf, as guardian.

Appellee correctly contends that the application by Auguste Landgraf for a writ of certiorari included only those matters pertaining to the guardianship by Chas. W. Landgraf. The order of the court was in general terms. It appears that all of the matters in the county court were filed under the same docket number.

On August 28, 1936, the county court entered the following order: "On July 11, A.D. 1936, the Hon. John H. Tate, District Judge for the 21st Judicial District, Washington County, Texas, granted a writ of certiorari, which order was filed in this court on July 30, 1936, whereby this cause was removed to the District Court of Washington County, Texas, and where it is now pending in cause No. 20196, and this court is now without jurisdiction to enter any orders in this cause."

On August 28, 1936, Theo. Landgraf filed what is denominated an intervention in the county court of Washington county, in which he sought appointment as guardian in the event Auguste Landgraf was not appointed. On August 28, 1936, Auguste Landgraf and Theo. Landgraf gave notice of appeal from the order of the county court hereinbefore quoted. Auguste Landgraf and Theo. Landgraf apparently treated said order as refusing to grant the bill of review of Auguste Landgraf and their respective applications to be appointed guardian.

In the district court all of said matters were consolidated and upon a jury trial only one issue was submitted to the jury, to wit, whether or not Auguste Landgraf had waived her right to be appointed guardian of her son. The jury found that she had. The court found (1) that Auguste Landgraf had waived her right to the appointment and (2) that both Auguste and Theo. Landgraf were incompetent to act as guardian. It was adjudged and decreed that the applications of Auguste and Theo. Landgraf be denied. With reference to the appointment of Chas. W. Landgraf as guardian of the estate of said Otto Landgraf, it was found that Otto Landgraf was not personally served with citation as required by law. The clerk of the district court was ordered to certify said decision to the county court for observance. From said judgment of the district court Auguste and Theo. Landgraf have appealed.

Appellants' assignments of error are to the effect that the court erred in refusing to appoint Auguste Landgraf, or, in the alternative, to appoint Theo. Landgraf, guardian of Otto Landgraf; that the court erred in submitting to the jury the question whether Auguste Landgraf had waived her right to be appointed guardian; that the court erred in failing to hold the judgment of the county court appointing C. W. Landgraf guardian void, etc.

We are of the opinion that the only matter properly before the district court for its decision was the question of the validity of the appointment of Chas W. Landgraf as guardian. This is true for the following reasons: (1) Only those matters with reference to the appointment and qualification of Chas. W. Landgraf as guardian of the estate of Otto Landgraf were asked in the petition for writ of certiorari to be ordered sent from the county court to the district court. (2) Because the only errors of the county court assigned in the petition for writ of certiorari were those matters with reference to the appointment and qualification of Chas. W. Landgraf. By the terms of article 939, the issues in the district court were confined to the grounds of error specified in the writ. Leatherwood v. Stephens, Tex.Com.App., 24 S.W.2d 819; Mathews v. Autry, Tex.Civ.App., 65 S.W.2d 798; Bain v. Coats, Tex.Com.App., 244 S.W. 130; McAllen v. Wood, Tex.Civ.App., 201 S.W. 433. (3) Because there had never been a trial or hearing in the county court upon either (a) the application of Auguste Landgraf to be appointed guardian, (b) the application of Theo. Landgraf, or (c) the bill of review filed by Auguste Landgraf. (4) Because said order of the county court from which an appeal was attempted to be had to the district court is not such an order as may be appealed from. Although article 3698 provides "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter," it has been definitely determined by our Supreme Court that said article has application "only to such decisions, orders, or judgments as at the end of a term would be held conclusive, as adjudicative of some controverted question or right, unless set aside by some proceeding appellate or revisory in

its nature." Lehman v. Gajusky, 75 Tex. 566, 567, 12 S.W. 1122. The decision of the county court that the writ of certiorari issued by the district court deprived it of jurisdiction to determine the applications of Auguste and Theo. Landgraf for appointment as guardian and the bill of review, until the writ of certiorari was disposed of in the district court, was not a decision, order, or judgment that at the end of the term would have been conclusive as adjudicative of a controverted question or right between the parties thereto. It was nothing more than a declaration that the probate court was temporarily without authority to pass upon any matter in connection with cause No. 4153. It made no reference to the application, etc., supposedly refused. If the court were in error, the judge could have been compelled by mandamus to proceed to trial and judgment. Article 1824. An appeal was not their remedy. Said order did not purport or attempt to decide or adjudicate whether or not Auguste or Theo. Landgraf should be appointed and Chas. W. Landgraf removed as guardian of the estate of Otto Landgraf. It was, therefore, not such an order as could be appealed. The conclusion necessarily follows that the district court of Washington county never acquired jurisdiction of such matters. Thomas v. Hawpe, 25 Tex.Civ.App. 534, 62 S.W. 785, writ refused; Shook v. Journeay, Tex.Civ.App., 149 S.W. 406; In re Pearce, 43 Tex.Civ.App. 398, 96 S.W. 1094; 9 Tex.Jur. § 25, p. 42; McAllen v. Wood, supra. Bearing in mind our conclusion that in the certiorari proceeding nothing was before the district court for its consideration except those matters relating to the appointment and qualification of Chas. W. Landgraf, because only errors with reference thereto were specified in the application for the writ, and bearing in mind our further conclusion that the district court did not have jurisdiction of the attempted appeals, among other reasons, because said matters were not passed upon by the county court, we call attention to the language of Justice Critz in Leatherwood v. Stephens, Tex.Com.App., 24 S.W.2d 819, 824, as follows:

"An examination of the above statute [Art. 932] shows that it expressly provides that where a case is appealed from the county court to the district court by certiorari proceedings the trial shall be de novo, but the issues shall be confined to the grounds of error specified in the application for the writ. The district court is an appellate court, and on appeal only has jurisdiction to adjudicate the matters put in issue in the county court. Franks v. Chapman, 61 Tex. 576; Minor v. Hall (Tex.Civ.App.) 225 S.W. 784, and authorities there cited. In certiorari proceedings the jurisdiction of the district court is further limited, by the express terms of the statute, to the grounds of error specified in the application for the writ. The amended petition seeks to probate the will after correcting same. This relief was not sought in the county court at all. The amended petition sets up grounds of error not contained in the petition in the county court, and not contained in the application."

As stated, the only matter before the district court for its determination being whether the county court erred in appointing Chas. W. Landgraf guardian, and it being conceded that citation on his application was not issued and served in the manner required by law, it follows that he was not properly appointed as guardian. We understand that the district court, in effect, so held. The district court could not have appointed him as guardian because of lack, among possibly other things, of proper citation. See articles 4114 to 4116, inclusive; article 4274; and Bearden v. Texas Co., Tex.Com.App., 60 S.W.2d 1031, 1033. The matters of the applications of Auguste and Theo. Landgraf for appointment as guardian and the bill of review were not before the district court by virtue of the writ of certiorari, nor by virtue of the attempted appeal for the reasons stated. The district court should have dismissed the appeals. The judgment of the district court as so reformed is affirmed.