### Otto Von Roeder v. John R. Robson.

Where the vendee fails to pay the purchase money, as stipulated in the vendor's bond to convey, the latter may sue to recover back the land, and frame his petition with an alternative prayer for the recovery of the money in case the recovery of the land should be denied him. But where the vendor sues to recover the purchase money, he thereby affirms the contract, and cannot, merely on the ground that the defendant alleges defects of the title, with prayer accordingly, change the suit, by amendment, into a suit for the land first and in the alternative for the money; but quere, if the plaintiff, when thus hindered, should offer to do complete equity, by placing the defendant in *statu quo;* which he did not do in this case, but claimed a forfeiture of the money already paid, and a recovery of the land.

Error from Fayette. Tried below before the Hon. James H. Bell.

Suit commenced Feb. 20th, 1856, by plaintiff in error against defendant in error, on defendant's note for $1050, dated April 20th, 1853, and due January 1st, 1856, with interest from date. Defendant answered March 27th, 1856, by general denial, and by plea as follows :—

And by way of special answer or cross-bill to plaintiff's petition, this defendant would here state and charge, that if he ever executed said promissory note for one thousand and fifty dollars,

as described and set forth in said plaintiff's petition, the same was given by this defendant to secure the last payment of a purchase by this defendant of the said plaintiff of a certain tract or parcel of land, known and described as follows, to wit: [Here followed a description of the tract, containing 1400 acres.] The said defendant would further state and charge, that the said plaintiff, for and in consideration of said promissory note, in connection with two certain other promissory notes, one for the like sum of one thousand and fifty dollars, due and payable on the 1st day of January, A. D. 1855, and the other for the sum of fifteen hundred dollars, due and payable on the 1st day of January, A. D. 1854; both of which last mentioned notes have been long since paid off and discharged by this defendant, did, on the 21st day of April, A. D. 1853, make, seal, execute and deliver to this defendant a certain writing obligatory, commencing with the usual form of a penal bond for the conveyance of real estate, binding himself, his heirs, executors and administrators, in the penal sum of seventy-two hundred dollars, being double the amount of the purchase money of said tract or parcel of land, and after expressing the consideration (it being the three notes hereinbefore described) and giving a description by metes and bounds of the tract of land as hereinbefore set out, contains the following conditions, to wit: "Now if the said John R. Robson shall faithfully comply with the true intent and meaning of the aforesaid promissory notes, then and in that event I bind myself, heirs, executors and administrators, at all times, to forever warrant and defend this title against the claim or claims of any person or persons claiming the same or any part thereof, otherwise this is to be null and void;" which said bond, writing obligatory, or by whatever name the same may be technically called, will be produced and duly proven to your Honor on the hearing of this cross-bill. And this defendant would here aver and charge that said condition, so expressed in said bond or writing obligatory, does not express or convey the true meaning and intent of the parties thereto, but on the contrary, it was the express understanding, that on the payment of said promissory notes, the said plaintiff bound and obligated himself to make to this defendant a good and sufficient title in fee simple, with all proper warranties to said tract or parcel of land. And this defendant would further state, that he has been informed and believes, and would here charge the same to be true, that there has been instituted and is now pending in the District Court of the United States, held at

the city of Austin, for the District of the State of Texas, a certain suit by one James A. Chandler, as plaintiff, against the said plaintiff, Otto Von Roeder, et al., as defendants, in which the title of the said Otto Von Roeder, and therefore his right to sell, and power to protect and make to this defendant a good and sufficient title in fee simple, with proper warranties, to said tract or parcel of land, is now being litigated; and should said suit, so pending in the District Court of the United States, be decided in favor of the said Chandler, and against the said Otto Von Roeder et al., then and in that event the said Otto Von Roeder would be utterly unable to make to this defendant a good and sufficient title in fee simple to said tract or parcel of land; or if said writing obligatory is to be held as a conditional conveyance, then and in that event, there would be a breach of the warranty as therein expressed. This defendant would further state that in a short time after his purchase of said tract or parcel of land, he entered upon and took possession of the same, and has made thereon large and valuable improvements, in opening a plantation and putting up necessary buildings which are of great value, to wit: of the value of        dollars.    And this defendant would further represent that should the said James A. Chandler recover said land, then and in that event, as this defendant has been informed and believes, the said Otto Von Roeder, plaintiff, would be utterly unable to respond in damages to this defendant, not having sufficient property in his possession liable to execution or forced sale, out of which said sums of money could or might be made.    The premises considered, this defendant would pray that said plaintiff may be required to answer this cross-bill, and on the hearing hereof, that your Honor would grant unto him a writ of injunction restraining the said plaintiff from further proceeding in this suit for a recovery against him on said promissory note of one thousand and fifty dollars, until the suit now pending in the District Court of the United States, wherein the said James A. Chandler is plaintiff, and the said Otto Von Roeder et al. are defendants, is finally disposed of, and generally for such other and further relief as to your Honor may seem meet and proper in the premises.

Said special plea, or cross-bill, was supported by affidavit.

Plaintiff demurred to said plea, Nov. 21st, 1856, and assigned special causes; and further amending, plaintiff makes the following admissions of matters alleged in said answer and cross-bill, to wit: he admits that the note sued on, was given to secure

the last payment of a purchase by said defendant of said plaintiff, of the very identical land described in said answer and cross-bill; he admits that on the 21st day of April, A. D. 1853, he did make, seal, execute and deliver, a certain writing to said defendant, which contains the very condition named by said defendant, and in the very words as contained in quotation marks in said cross-bill; and said defendant is here notified to produce the same on the trial hereof, it being an instrument in which said plaintiff, as shown by its terms, also has an interest.

And said plaintiff here expressly denies the charge that said instrument does not express or convey the true intent and meaning of the parties thereto, and on the contrary, plaintiff alleges that said instrument is plain and specific in its terms, and needs no extraneous aids to explain its language; that it was and is plainly provided therein that the instrument itself should be null and void, unless said defendant should comply with the true intent and meaning of said note now sued on; that said defendant never has, by his own admission, complied therewith; that if said defendant ever did pay up the other said promissory notes named, which is not admitted, he has, by his total failure to comply with said instrument, forfeited the amounts so paid, if any, which, as before, is not admitted. And now plaintiff says, that he is entitled to recover said land back, and that, too, under the showing made by said defendant himself; that even if true as alleged, (which is not admitted,) that on payment of said notes said plaintiff was to make to said defendant a good and sufficient title as charged, still he says, on account of the failure and refusal of said defendant to pay the note sued on, he is, by the terms of said instrument, entitled to recover back said land, and now here said plaintiff makes a tender of said note for cancellation, in order that he may recover said land, and will produce it in Court and deliver it up for said purpose, and prays the Court to cancel and annul the same; also to cancel and annul said instrument executed by plaintiff to said defendant, and decree said land to plaintiff, and give him also judgment for costs, and all relief in the premises he is equitably entitled to, &c.

And further amending, said plaintiff says that if he should be mistaken in his action for the recovery of said land, then he says that he has a lien on said land for the purchase money thereof, as due on the note sued on, and he prays judgment for the principal and interest due on said note; also for a decree to fore-

close said lien on said land, and that the same may be sold in satisfaction thereof, also for costs and all equitable relief, &c.

Amended answer filed Nov. 26th, 1856, as follows :—

And now, at this Term of the Court, comes the said defendant in the above entitled cause, leave of the Court being first had and obtained, and for amendment to his answer or cross-bill heretofore filed, says that he hereby abandons all answers, cross-bills, or pleas heretofore filed, and now herewith files this as his answer or cross-bill to said plaintiff's petition. [Here followed the same allegations as in the original special plea, down to and including the quotation of the condition of the bond, and the offer to produce it at the trial; and then continued as follows :] And this defendant would here expressly state and charge, that said condition, so contained in said bond or writing obligatory, does not express or convey the true intent and meaning of the parties thereto, but on the contrary, that it was the express understanding by and between himself and the said plaintiff, that in completing said purchase, as hereinbefore described, the said plaintiff would make, sign, seal, execute and deliver to this defendant, a good and sufficient bond for the title, whereby it was intended by and between the said plaintiff and this defendant, that the said plaintiff should bind and obligate himself, his heirs, executors and administrators, to make this defendant, his heirs, executors, administrators or assigns, on the payment of said promissory notes, a good and sufficient title in fee simple, with all proper warranties for said tract or parcel of land. And this defendant would further state and charge the same to be true, that the said Scrivener, who was mutually engaged by the said plaintiff and this defendant, to draw said bond for title, not being versed in the drawing of legal instruments, made the mistake in the condition thereof, as hereinbefore particularly described and set forth. And this defendant would further admit the same to be true, that at the time he made said purchase of said tract of land, he was advised of the fact that one James A. Chandler had an outstanding title of some description to said tract or parcel of land, in connection with other large tracts or parcels of land, near and adjoining thereto, and that a suit had then been instituted and was pending in the District Court of the United States, held for the District of Texas, at the city of Austin, by the said James A. Chandler, against the said plaintiff and others, for the recovery of said tracts or parcels of land, which had been pre-

viously purchased by the said Chandler for an inconsiderable consideration at a sheriff's sale, by virtue of an execution or executions against a corporation or *quasi* corporation, familiarly known as the German Emigration Company. But this defendant would here expressly state and charge the same to be true, that the said plaintiff, either through ignorance or a disposition to defraud this defendant, represented not only that the claim of said Chandler was totally without merit and a mere sham, which had been drummed up with a view of extorting money, by way of a compromise, out of him, the said plaintiff, towards paying the debt or debts of the said German Emigration Company, but likewise that the same would or should be compromised, settled or dismissed long before this defendant would be called upon to pay said promissory notes; and this defendant, relying upon said representations, did thereupon make said purchase. And this defendant would further state, instead of the suit or claim of said Chandler having been heretofore compromised, settled or dismissed, the same is still pending and undisposed of, as this defendant is informed and believes, in said District Court of the United States. And this defendant further answering, would state, that said tract or parcel of land was, at the time of his said purchase, wild and unimproved, and that very soon after his said purchase, he entered upon and took possession of the same, and has made thereon large and valuable improvements, in opening a plantation and erecting necessary buildings, which are of great value, to wit: the value of       dollars. And this defendant would further state, that he has been informed and believes, that should the said Chandler recover in said suit, so pending in the District Court of the United States, the said plaintiff would be utterly unable to respond in damages to this defendant; and this defendant would further state, that he has never been made a party in any manner to said suit so pending in the District Court of the United States, and that he has had no connection in any manner whatsoever with the continuances of said cause, which have taken place in said Court. The premises considered, this defendant would pray that the said plaintiff may be required to answer this cross-bill, and on the hearing hereof, that your Honor would grant unto him a writ of injunction restraining the said plaintiff from further proceeding in this suit against him for a recovery on said promissory note of one thousand and fifty dollars, until the suit of the said James A.

Chandler, now pending in the District Court of the United States, is finally disposed of. And further, that your Honor would, on the hearing hereof, decree said bond, or writing obligatory, to be so reformed as to make the condition thereof contain the stipulations which it is heretofore alleged the same was intended to contain. And generally, that your Honor would grant unto him such other and further relief as to your Honor may seem meet and proper in the premises.

Said amended answer was supported by affidavit. Fall Term, 1856, cause continued by consent.

On the 21st May, 1857, plaintiff amended, by demurrer, with special assignments; and replication as follows:—

And for replication to said amended answer, said plaintiff admits that said promissory note was given to secure the last payment upon the purchase of the land described in said petition; also that two other notes were given for said land, and that they are correctly described by said defendant, and have been paid; also that an instrument in writing was executed by plaintiff to said defendant on the 21st day of April, 1853, a substantial copy of which is hereunto attached, marked Exhibit "A;" as a part of this amendment, and said defendant is hereby notified to produce the original on the trial. And said plaintiff further admits that said instrument was intended as a bond for title, and it was agreed that plaintiff should make to said defendant a warrantee deed to said land, if he should faithfully comply with the true intent and meaning of said notes, and the payment of said notes was a condition precedent to the making of said title, and to his right to demand one; and that it was further understood, as in effect expressed in said instrument, that if said defendant should not faithfully comply with the true intent and meaning of said notes, said instrument should be null and void. And plaintiff further makes known, that said defendant had possession of said instrument, and plaintiff has not seen the same from the execution thereof until since it was filed in this suit, and had no copy or memoranda of the contents of the same; that said defendant has never once said anything about said supposed defect, and in no manner, until in his pleadings in this case, signified that he supposed anything was wanting; and plaintiff has, ever since said instrument was executed, considered himself bound to make title as aforesaid; that so far from said defendant having made any want of form in said instrument a ground for refusing

to pay said note, he repeatedly said he would be ready to pay it at maturity, and about the time it was due, plaintiff called on defendant for payment, and he promised to pay the same in a short time, and made no mention about anything being lacking about said bond; and plaintiff having been informed that said defendant had previously said he would not pay said note until said Chandler suit was decided, told said defendant what he had heard, and defendant said he had not said so, and that it was a lie, and that he intended to pay said note; that it is true that said James A. Chandler bid off said land, and that the plaintiff did represent said claim to be without merit, and that he believed the sale and purchase to have been made to obtain a compromise with him; and so said plaintiff now verily believes; but plaintiff denies specially, that he ever promised that said Chandler suit or claim should be settled, compromised or dismissed before he would call for the payment of the note sued on; that said defendant was fully advised of said Chandler claim before he made said purchase; that he even took the precaution to take time to inquire from disinterested persons as to said claim, and finally said he had done so, and would buy said land and risk said Chandler claim; that it is true that said Chandler suit is still pending, and that said defendant is not a party thereto; that the defendants have never continued said suit, and the continuances have all been at the instance of the plaintiff; that plaintiff has no fears of the result of said suit, and verily believes said claim of said Chandler to be frivolous; that the said plaintiff had made a *bona fide* purchase of said land, long before said Chandler's pretended claim; and said Emigration Company, at the date of said purchase, had no interest in said land; that it is true that said defendant has made some improvements on said land, and when he settled thereon it was not improved, and all of the same was made with a full knowledge of said Chandler claim; and as to the value of said improvements plaintiff is not informed; but the plaintiff denies that he would be unable to answer in damages to said defendant, if said Chandler should be successful (of which plaintiff has not the remotest idea,) but on the contrary, plaintiff says that he is amply able to answer, and has real and personal property unencumbered and over and above the exemptions allowed him by the Constitution and laws, to pay all such damages and more; and plaintiff further makes known, that he is informed, believes and charges, that said defendant

has declared his intention to delay the payment of said note by litigation as long as possible, and has even threatened to keep said plaintiff, by law, out of his money five years, and having made default in said payment, plaintiff, by the terms of said bond, is no longer bound thereby, and he is advised, believes and charges, that he is entitled to recover said land back, and that said defendant has, by his default, forfeited the money paid by him. And now said plaintiff says that he has fully answered all the matters that are requisite, and as to other matters not admitted, plaintiff denies the same; and he now prays judgment for all equitable relief, as in his other pleading, &c.

The title bond was as follows:—

Know all men by these presents, that I, Otto Von Roeder, of the county of Fayette, and State of Texas, am bound and firmly held unto John R. Robson, his heirs, executors and administrators, in the penal sum of seventy-two hundred dollars, good and lawful money of the State, for the payment of which I bind myself, heirs, executors and administrators. The conditions of which are these, viz: That I, the said Otto Von Roeder, have this day bargained and sold unto the said J. R. Robson, his heirs, or assigns, a certain piece or parcel of land, lying and being in the county and State aforesaid, hereafter more particularly described, for the consideration of the sum of thirty-six hundred dollars, by virtue of three promissory notes this day executed to me by the said John R. Robson, one of which to be paid on the first day of January, eighteen hundred and fifty-four, for fifteen hundred dollars; the second, for one thousand and fifty dollars, due the 1st day of January, eighteen hundred and fifty-five; the third, for one thousand and fifty dollars, due the first day of January, eighteen hundred and fifty-six. The said land is a part of the headright league granted to William H. Jack by the Mexican Government, bounded as follows, to wit: [Here followed description of the land.] Now if the said John R. Robson shall faithfully comply with the true intent and meaning of the aforesaid described promissory notes, then, in that event, I bind myself, heirs, executors and administrators, at all times, to forever warrant and defend this title against the claim or claims of any person or persons claiming the same or any part thereof; otherwise this is to be null and void. In testimony, &c.

At the Fall Term, 1857, defendant filed an affidavit for a continuance to obtain testimony to sustain his answer; but a

continuance was refused, and defendant excepted. At same Term, December 3d, defendant "amends his answers heretofore filed and moves the Court to strike out all such portions of said plaintiff's amended petition, as seek to recover the land for which the promissory note which constitutes the foundation of the original petition, was given; said amended petition having thus embraced an inconsistent cause of action from that contained in said original petition. And further, that said plaintiff be required to elect which remedy he will pursue, whether a recovery on said promissory note, or a recovery of said tract of land." It appeared by the same bill of exceptions, that "the exceptions of the said defendant, as contained in his amended answer, filed on the third day of December, 1857, as well as the motion therein contained, requiring the said plaintiff to elect, next coming on to be heard, the same were overruled by the Court; whereupon the said defendant excepted." The affidavit for a continuance was sworn to on the 27th of November; and defendant's said bill of exceptions was signed on the 5th.

Same Term, December 3d, came the parties; waived a jury, and submitted the cause to the Court; and upon consideration thereof, it was adjudged and decreed that the plaintiff have and recover the amount of the note and interest thereon. There was a statement of facts, showing that the only evidence before the Court was the note and bond, which were both introduced by the plaintiff.

It appeared by a bill of exceptions, that plaintiff offered in evidence two depositions, which tended to prove that the defendant's failure to pay the note sued on promptly, was caused by his inability, and not by unwillingness to pay, or a desire to await the result of the suit in the United States Court; but that when the messenger sent to him with the note, said he was instructed to place the note in the hands of an attorney for suit, if not paid, in part ($500) at least, Robson seemed to become angry, and remarked that Roeder would not get his money in five years if he sued him; "that he would have got all his money very soon, but now, as he had sued, he would have to abide the consequences." But the Court excluded the depositions, on what ground was not stated; doubtless because the evidence was considered immaterial. Writ of error by plaintiff, and assignments of error by both parties.

*W. G. Webb,* for plaintiff in error. This case is brought up

by writ of error by Roeder, and it is not competent for this Court, as we believe, to take cognizance of the assignment of alleged errors made by the defendant; and we therefore shall confine ourselves to the errors assigned by Roeder.

The first is, that the Court erred in refusing to allow the depositions of Ledbetter and Voglesang to be read in evidence.

This testimony was then most important, to show that he bought with notice of the suit, and that he was defending it merely to keep Roeder out of his money.

The 2d error is, that the Court should have given judgment for the land, and the 3d, that the judgment is contrary to the law and the evidence. Both these may be considered together. The defendant had made default in not paying the purchase money, and Roeder was entitled to recover the land. (Browning v. Estes, 3 Tex. R. 462; S. C. 11 Id.; Whiteman v. Castlebury, 8 Id. 441; Todd v. Caldwell, 10 Id. 236; Neill v. Prickett, 12 Id. 137; Allen v. Mitchell, 13 Id. 373; Walker v. Emerson, just decided; Still v. Still, lately decided.) This was his right, even to construe the instrument to be a bond for title; but the case is placed on a much safer basis even than this, for it provides that if he did not pay, the instrument itself should be "null and void." Thus it was a contract between the parties, for if the instrument was to be null and void, the defendant could have no claim on the land. (Edwards v. Atchison, 14 Tex. R. 373.) But even if the instrument was a bond for title, and the title to be made on the payment of the notes, the authorities cited show that it would not change Roeder's right to recover the land.

Nor does the fact that the plaintiff amended his petition, and claimed the land, operate in favor of the defendant. It was natural, upon finding that the defendant had declared his intention to keep him out of his money for five years, that he should follow whatever remedy that was most favorable to himself. (Fowler v. Stonum, 11 Tex. R. 479; Watt v. Robson, 6 Id. 206.)

As to the application for continuance, it was based on the defective plea of the defendant, and fell with it. (Titus v. Crittenden, 8 Tex. R. 139.)

*A. R. Gates,* for defendant in error. It is respectfully submitted that there is no error in the record of which the plaintiff can complain. It is contended that inasmuch as the party

waived and refused to make an election, whether he would claim the money or the land, it was then fully competent for the Court below to make the election for him; and having done so, this Court cannot now, with propriety, on his motion, disturb the judgment of the Court below.

But if the judgment of the Court is to be reversed, then the defendant in error having assigned errors on service of notice of plaintiff's petition for writ of error, insists upon the following grounds of error, &c.

WHEELER, J. If the plaintiff chose to consider the contract rescinded by reason of the default of the defendant in making prompt payment, he should not have brought suit upon the note. That was to affirm the contract as being in full force, and to ask a specific performance of it. The amended petition, seeking to recover back the land, appears to have been an afterthought, upon discovering the peculiar phraseology of the bond for title; which it seems, from the plaintiff's last amended petition, was not known to him until it was set out in the defendant's answer. Had the plaintiff elected to proceed, in the first place, for the land, on the ground of the default in making payment, or had the defendant persisted in resisting the payment of the residue of the purchase money at all events, the claim of the former to recover back the land would be entitled to a more favorable consideration. But the plaintiff did not discontinue his suit for the purchase money, although he sought to recover back the land; when called on by the last amended answer, to make his election, after the defendant had withdrawn his defences in bar of the action, he virtually refused to do so. If he chose to disaffirm the contract, he should have proceeded distinctly upon that ground. If the receipt of purchase money, after default, will waive the default, the bringing of a suit for it, which has the same effect as a bill in equity for specific performance of the contract, should have, it would seem, the same effect; unless the defendant should then resist its payment without any good reason, or equitable excuse. The plaintiff might have brought suit for the recovery of the land, and have framed his petition with an alternative prayer for the recovery of the money in case the recovery of the land should be denied him. But having proceeded in the first place for the specific performance of the contract, and thus determined his election, he could not afterwards,

and after the defendant had withdrawn all his defences in bar of the action, insist upon maintaining his suit for specific performance of the contract, and at the same time treat it as null, and insist upon the restoration of the land. He ought to have made his election of remedies. If the default of the defendant was culpable, the pretensions of the plaintiff were not such as very strongly to commend themselves to the favorable consideration of a Court of conscience. He contended that the payment of the money was a condition precedent to the making of title, and that by the terms and intention of the contract, if the last payment was not made on the very day it became due, his obligation to make title was null; upon his construction of the contract, he would claim a restoration of the land and a forfeiture by the defendant of the purchase money paid, if the residue was not paid punctually at maturity, whether he was then able or willing to make title or not, and although the defendant might afterwards tender payment and ask a completion of the contract. We do not so understand the contract. We think it sufficiently manifest, from the whole instrument, that the intention was to bind the parties to the mutual performance of their undertakings at the same time; and consequently, that the covenants were concurrent and dependent, obliging the one party to perform or show a readiness and willingness to perform before he could exact performance of the other. It is true the defendant was in default, and he sought further to delay payment by asking that proceedings be stayed until the determination of the suit by which the plaintiff's title was litigated in another Court. That relief he did not, perhaps, show himself entitled to, for the reason that it was not competent, unless upon the ground of fraud, for him to prove by parol the alleged promise, in effect, not to exact payment until that suit was determined. That, it may be said, would have been to vary the terms of the written contract, by parol evidence. But it does not appear that the defendant intended to repudiate the contract, and to refuse performance of it. Nor does the plaintiff rest his right to consider the contract as at an end, on the ground that time was of the essence of the contract, or that he had sustained any injury by the default in making payment, which might not be compensated by payment of the principal and interest due; but he placed it upon the ground that the contract, by its terms, was absolutely null, when the defendant failed to pay the note at maturity. We do not so understand it. The making of title by the plaintiff was an act

to be done cotemporaneously with the payment of the money. And we are of opinion that when the defendant had withdrawn his defences in bar, and his defence in suspension of the action was denied him by the judgment of the Court, the plaintiff was at least bound to make his election of remedies, and that having declined to do so the Court very properly rendered judgment for the purchase money. We do not mean to be understood as saying that if he had then made his election to recover the land, he would have been entitled to his judgment as asked, under the circumstances of this case. We are not of that opinion. But it does not become necessary to go into the examination of that question.

The case having been submitted to the decision of the Court, waiving a jury, it does not become necessary to notice the ruling of the Court excluding the depositions offered in evidence by the plaintiff, further than to say that, if admitted, they would not have materially affected the merits of the case, or have warranted a different judgment.

The manifest justice of the case has been attained; and there is nothing in the rulings of the Court or the judgment of which the plaintiff in error has cause to complain. The judgment is affirmed.

Judgment affirmed.