## RUTHERFORD v. NICHOLS.
### No. 2962.

Court of Civil Appeals of Texas. Eastland.

Nov. 14, 1952.

Rehearing Denied Dec. 5, 1952.

Archer Bryant & Overshiner, Abilene, for appellant.

Reid & Reid, Abilene, for appellee.

LONG, Justice.

This is a suit by Mrs. Johnnie Rutherford, guardian of the estate of Mrs. H. E. Oliver, against C. B. Nichols, to recover the $1,400 cash consideration recited in a deed executed by Mrs. Oliver in favor of Nichols. Based upon a jury verdict on special issues, the court rendered judgment in favor of defendant. From this judgment the guardian has appealed.

Appellant alleged that prior to her appointment as guardian of the estate of Mrs. Oliver, her ward executed and delivered to appellee a deed conveying Lot No. 8 in Block K, Crescent Heights Addition to the City of Abilene; that the consideration for the sale of said land was $1,400 cash and the further consideration of the assumption by appellee of a certain promissory note in the principal sum of $7,100; that appellee accepted and recorded said deed but has failed and refused to pay the $1,400 cash consideration recited therein.

Appellee answered by general denial and also alleged that he did not contract to pay Mrs. Oliver $1,400 cash but that the consideration was to be paid and was paid by the delivery to her of an automobile and that thereafter Mrs. Oliver became dissatisfied with the trade and delivered back to appellee the automobile after same had been materially damaged by her grandson and that appellee conveyed the property back to Mrs. Oliver.

The evidence discloses that Mrs. Oliver was about 76 years of age and lived in the house in question with her grandson who at that time was about fifteen years of age and married; that Mrs. Rutherford, the guardian, was also occupying the house; that, in the absence of Mrs. Rutherford, Mrs. Oliver and her grandson agreed with appellee to convey to him the house and lot for a consideration of $1,400 to be paid by delivery to them of an automobile and the assumption by appellee of the indebtedness against the property. Mrs. Oliver executed and delivered to appellee a deed to the property which he placed of record. The automobile was delivered to Joe Rutherford, the grandson of Mrs. Oliver, who left immediately in the car on a trip to California. Appellee went to the house for the purpose of obtaining possession thereof and Mrs. Rutherford refused to give him possession and advised him that they did not want to make that kind of a trade. It was then agreed between Mrs. Rutherford and appellee that they would make every effort possible to get Joe Rutherford to return and deliver to Mr. Nichols his car.

Within a few days Joe returned with the car, which had been materially damaged, and possession was delivered to Mr. Nichols. Thereafter, appellee executed a deed conveying the property back to Mrs. Oliver for a recited consideration of $1,400 cash and the assumption by her of the indebtedness against the property, and caused same to be placed of record in Taylor County. This deed was then mailed to Mrs. Rutherford.

Upon a trial of the case, appellant filed a trial amendment and sought cancellation of this deed. A suit such as this by the vendor, to recover the purchase price, has the same effect as one for specific performance. Before appellant can recover the purchase price she must meet all requirements that would be necessary to secure a decree for specific performance of the contract. 38 Tex.Jur. 728; Roberts v. Lovejoy, 60 Tex. 253; Von Roeder v. Robson, 20 Tex. 754, 765.

The evidence is conclusive, and it was so found by the jury, that the real consideration agreed upon, instead of the $1,400 cash consideration recited in the deed, was delivery of the automobile to Joe Rutherford. It is undisputed that appellee never at any time agreed to pay $1,400 cash. Although the deed recites such consideration, it was not contractual and it was permissible to show the true consideration. Appel-

lant does not sue for recovery of the automobile but her suit is for recovery of the $1,400 cash. When appellee attempted to obtain possession of the house, possession was denied him. Nowhere in the pleadings or the evidence is it shown that appellant was ready, able and willing to perform her part of the contract. In other words, possession of the property is not tendered. In McLemore v. Compton, Tex.Civ.App., 275 S.W. 487, 492, quoting from Roberts v. Lovejoy, 25 Tex.Supp. 437, the following was said:

"A party who seeks the specific performance of a contract must have performed, or must show a readiness to perform the very contract in terms of which he seeks performance. He cannot disaffirm it in part, and at the same time hold the other party to the whole of his undertaking. The court will not aid him to have performance of the contract when he rejects any part of it. That would be to make for the parties a new contract, to which they had not given their assent. Courts of equity do not modify or change the contracts of parties to suit their own sense of what would be equitable and just in the premises, but leave them to make their own contracts. It may be that the defendant would never have entered into the contract which the plaintiff now seeks to enforce against him; that is, a contract to convey his right to the land in question for a sum considerably less than that for which he stipulated as the consideration for the transfer. Whether he would or not the court cannot know, and cannot undertake to make for him a contract, which he has not made, without his consent. Courts never make contracts for parties; they will only compel performance of the contract which the parties have actually made, and only in favor of the party who has performed, or is ready and willing to perform his undertaking, according to its terms, and who is without fault."

■ Appellant is not willing to take the automobile as the cash consideration recited in the deed but is seeking to enforce an entirely different contract than that made by the parties. It is well settled that a party cannot disaffirm part of a contract and at the same time enforce performance thereof. Furthermore, it is incumbent upon a party seeking to enforce a contract to show that he is ready, willing and able to perform the very contract entered into between the parties. Casey v. Jones, Tex. Civ.App., 189 S.W.2d 515. Furthermore, it is conclusively established that the parties abandoned the contract. The jury found that Mrs. Oliver agreed to return the car in consideration of a reconveyance of the house. This finding has support in the evidence. We hold that appellant waived or abandoned her right to specific performance of the contract under the facts. Kluck v. Leuschner, 70 S.W.2d 768 (Writ Ref.)

■ A suit for specific enforcement of a contract is based in equity and is a matter of grace and not one of absolute right. Fisher v. Wilson, Tex.Civ.App., 185 S.W. 2d 186, Id., 144 Tex. 53, 188 S.W.2d 150.

After the car was returned to appellee, he conveyed the property back to Mrs. Oliver and placed the parties substantially in the same position they were before the contract was entered into, save and except he was not paid for the damage to his car.

We believe the trial court entered the only correct judgment that could have been entered, and it is, therefore, affirmed.