**Claborn NEWSOM et al., Appellants,**

v.

**Mrs. Bessie NEWSOM et al., Appellees.**

**No. 3982.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 17, 1965.

Rehearing Denied Jan. 14, 1966.

George A. Day, Brownwood, Yates & Yates, Abilene, Webb & Stokes, San Angelo, for appellants.

E. P. Woodruff, Jr., and Darrell Shelton, Brownwood, for appellees.

COLLINGS, Justice.

Claborn Newsom and others, the surviving brothers and sisters of J. R. Newsom, deceased, brought this suit on July 18, 1963, in the District Court as a certiorari proceeding to set aside an order or decree of the County Court of Brown County, entered on July 6, 1962, directing Mrs. Bessie Newsom, administratrix of the estate of J. R. Newsom, deceased, to convey certain land of the said J. R. Newsom estate to D. S. Gentry and wife, Joan Gentry, in com-

pliance with a written contract of sale and purchase entered into between J. R. Newsom during his life and the said D. S. Gentry. Mrs. Bessie Newsom is the surviving widow of J. R. Newsom. The District Court rendered judgment that plaintiffs take nothing, refusing to set aside the specific performance decree of the County Court. The plaintiffs have appealed.

Appellants urged points contending (1) that the County Court had no jurisdiction to adjudicate, as between appellants and appellees, the title to land and the ownership of $18,500.00 worth of property by using the form of a specific performance suit, in which appellees, as the designated parties had no controversy between themselves, and in which appellants were not made parties, (2) that there was no adversary proceeding presented by the specific performance suit in the County Court between the designated parties therein and that that court, therefore, had no jurisdiction to enter a judgment in said cause, (3) that appellants, as heirs at law of J. R. Newsom, deceased, were indispensably necessary parties to any suit for specific performance of any contract of the deceased to convey land, (4) that it was indispensably necessary to furnish a copy of the specific performance complaint in the County Court to the attorney of record of appellants who had filed a written contest in the probate proceeding in response to the allegations in the application of the administratrix for administration as to the alleged sales contract, (5) that since the administratrix was disqualified by self interest and by relationship with the plaintiff in the specific performance suit, there was no one present in the County Court to protect appellants' interest, and that due process of law guaranteed by the State and Federal Constitutions, required that appellants be made parties to the suit and served with notice, (6) that acceptance of the contract within 90 days by Joan Gentry as a third party beneficiary was essential to its enforcement, and (7) that the court erred in sustaining exceptions to and striking out all of appellants' allegations as to conspiracy and fraud contained in their petition.

The record shows that J. R. Newsom, a resident of Brown County, died February 26, 1961; that Honorable Darrell Shelton had represented Mr. Newsom as an attorney for a period of years; that Bessie Newsom is J. R. Newsom's second and surviving wife. J. R. Newsom, deceased, had no children. Joan Gentry is the wife of D. S. Gentry and is a daughter of Mrs. Bessie Newsom by a prior marriage. Appellants are brothers and sisters and descendants of brothers and sisters of J. R. Newsom. J. R. Newsom died intestate and his mother and father are and were deceased at all times material hereto. On April 5, 1961, Bessie Newsom, J. R. Newsom's surviving widow, filed an application in the County Court of Brown County for letters of administration on J. R. Newsom's estate. A general citation in probate was issued, served by posting and return. Such proceeding was Cause No. 5320 on the Probate Docket of the County Court of Brown County. Some of the appellants, namely, C. Newsom, Mrs. Jim Flowers and R. C. Lentz, filed pleadings in the County Court proceeding stating in substance that they joined in the application for letters of administration filed by Bessie Newsom; that the application of Bessie Newsom did not list all of the property nor describe it generally as required by the probate code; that the decedent owned various property including the 296.5 acres of land involved in this suit, that said parties were some of the heirs of the deceased who had died intestate without issue; that said parties "have no knowledge of any contract to convey the—296.5 acres of land to D. S. Gentry and demand strict proof of the same." Such heirs prayed that an order be entered setting a hearing on the issue of letters of administration, that the petitioner be required to account for all real and personal property belonging to the decedent at the time of his death on February 26, 1961; that the alleged contract to convey the land in question be "reduced to proof", and for such other and necessary

orders as the County Court might deem proper. Mrs. Bessie Newsom in her original application for letters had stated that decedent had made a contract with D. S. Gentry to sell him the land.

Mrs. Bessie Newsom was appointed administratrix of the estate of J. R. Newsom on October 16, 1961 and her bond was set at $25,000.00. She filed her oath on August 24, 1961 and on August 25, 1961 filed her bond. Royal Indemnity Company was surety on the bond, and it was duly approved by the County Judge on August 25, 1961. An inventory and appraisement of the estate was filed July 16, 1962. The inventory did not list the land in question but did list a vendor's lien note for $12,700.00, alleged to have been executed by Gentry in part payment for the land. The inventory, appraisement and list of claims was approved by the County Court on July 16, 1962.

This action started when D. S. Gentry on July 6, 1962, filed a verified complaint seeking specific performance of a contract with J. R. Newsom. Such complaint alleged that Gentry and J. R. Newsom, deceased, had on February 17, 1961 entered into a contract for the sale and purchase of Newsom's 296.5 acres of land for a consideration of $18,500.00. An executed copy of the contract was filed with the complaint. The complaint alleged the death of J. R. Newsom on February 26, 1961, and that he had not performed the contract at the time of his death. The complaint prayed that Bessie Newsom, administratrix of the estate of J. R. Newsom, deceased, be cited to appear and answer and show cause why specific performance of the written agreement should not be decreed, and that the court enter a judgment ordering the administratrix to make title to the land in question pursuant to the terms of the agreement.

The contract of purchase and sale provided that the land was sold to D. S. Gentry for $18,500.00, of which $5,800.00 was to be paid in cash and $12,700.00 was to be paid by the execution of an install-ment vendor's lien note in such amount, payable in annual installments of $1200.00 each and bearing interest at the rate of 6% per annum. The contract further provided that it would be closed on or before 90 days from date. Mrs. Newsom waived service on said complaint. On July 6, 1962, the County Court entered its decree ordering Mrs. Newsom, as administratrix, to perform the decedent's contract and to convey title to the land to Gentry. Mrs. Newsom, in compliance with such order on that same date executed a deed conveying the land in question to Gentry and his wife.

In their petition for certiorari, appellants alleged in substance that the contract of sale provides that the transaction should be closed on or before 90 days from date thereof, to-wit, February 17, 1961; that such contract was not closed within 90 days, and the failure to comply with that provision of the contract rendered it void and of no force and effect. Appellants further alleged, in effect, that the purported contract of sale required that D. S. Gentry and his wife execute a vendor's lien note against the 296½ acres of land in question; that the wife of Gentry never signed said contract; that such contract is unenforceable as to her, and since there was no mutuality of remedy was not capable of being specifically enforced. Appellants further alleged, in effect, that the purported contract of sale was and is void for the reasons that, if the contract was signed by J. R. Newsom he was in extremely poor health at the time of such signature, and was unduly influenced to sign same by his wife, Bessie Newsom; that such signature was made at a time when J. R. Newsom was so physically disabled as to not be able to understand the consequences of his act; or, in the alternative, that the decedent J. R. Newsom was at the time of making such signature, being 9 days prior to his death, old, infirm and in extremely poor health and by reason thereof incapacitated from properly attending to his business; that appellee D. S. Gentry took

advantage of his old age, infirmity and incapacity and induced the said J. R. Newsom to agree to convey the property in question to him and his wife, Joan Gentry.

Appellants further alleged that the deed executed by the administratrix, Bessie Newsom, to her son-in-law and daughter, in compliance with the decree of the Probate Court, was for an inadequate consideration and an attempt to deprive appellants of their lawful inheritance as heirs of J. R. Newsom, deceased, who died intestate; that except for such deed changing the status of the property from realty to personal property appellants would inherit their half interest in and to the 296½ acres of land.

Appellees in their first amended original answer alleged that appellants' suit was a collateral attack upon a valid order and judgment of the Probate Court of Brown County. Appellees further made such allegations in their first supplemental answer, and also alleged that appellants failed to comply with the requirements of Rule 344 of the Texas Rules of Civil Procedure; alleged that appellants' suit in the District Court was a collateral attack on the County Court judgment and should be dismissed. Appellees again repeated these allegations in their second supplemental answer. Rule 344, T.R.C.P. provides that an application for a writ of certiorari shall state the name and residence of each party adversely interested. Appellants' petition for certiorari did not make Royal Indemnity Company the surety on the bond of Mrs. Bessie Newsom, administratrix, a party defendant to the suit. It is held that a surety on such a bond is "a party adversely interested". Appellants' application for a writ of certiorari is therefore not in compliance with rule 344. A proper application for certiorari constitutes a direct attack on the judgment. It is held, however, that in such cases the surety must be made a party if the suit is to be classed as a direct attack, and that if the surety is not made a party the attack on the judgment is collateral. Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932 (Tex.Com.App.); Moore v. Evans, Tex. Civ.App., 103 S.W.2d 850; Reed v. Harlan, Tex.Civ.App., 103 S.W.2d 236; Hannon v. Henson, 15 S.W.2d 579 (Tex.Com. App.); Moore v. McInnis, Tex.Civ.App., 295 S.W.2d 707. In this condition of the record it is our opinion that the court properly granted appellees' motion for judgment.

Even if, contrary to the above, it should be held that appellants were necessary parties to the petition for specific performance, still no reversible error is shown for the reasons hereinafter set out. Generally a plaintiff is entitled to specific performance of a contract for the purchase of land when he has performed or shows that he is able, ready and willing to perform his part of the contract according to its terms. Leverett v. Leverett, Tex.Civ.App., 59 S.W.2d 252 (Error Ref.); Rutherford v. Nichols, Tex.Civ.App., 253 S.W.2d 306; Townsend v. Milliken, Tex.Civ.App., 294 S.W. 938; 52 Tex.Jur.2d 588, 589. The Gentrys have, under the circumstances, shown a substantial performance of their portion of the contract. Appellants have shown no grounds for revision of the order of the County Court decreeing specific performance of the contract.

We overrule appellants' contention in effect that the act of the Probate Court in decreeing specific performance of the contract was beyond the jurisdiction of the Probate Court because it amounted to an attempt to adjudicate the title to the property involved. The proceeding seeking specific performance of the contract was not a suit for title to land but was for specific performance of a contract to convey land. Section 27 of the Texas Probate Code, V.A.T.S., specifically provides therefor.

Appellants contend that due process of law under the State and Federal Constitutions required that they be made parties and served with notice concerning Gentry's

complaint seeking specific performance of J. R. Newsom's contract to sell the land. In our opinion, no reversible error is presented by this point. If, under the circumstances, other notice than that given was required, appellants cannot now complain because by their petition for certiorari they invoked the jurisdiction of the District Court for a de novo trial on the merits. They have had their day in court. Wilson v. Fisher, Tex.Civ.App., 105 S.W.2d 304.

The appeal to the District Court was by way of a writ of certiorari. On such an appeal from the Probate Court to the District Court the trial is de novo. Rules 350 and 264, T.R.C.P. It is required in such cases that the application for certiorari shall allege facts which, if true, would require rendition of a different judgment on the merits. 11 Tex.Jur.2d page 674; Jirou v. Jirou, Tex.Civ.App., 136 S.W. 493. If an application for certiorari fails to allege existence of such facts it may be dismissed. Hall v. Davison, Tex. Civ.App., 176 S.W. 642, (Writ Ref.); Richardson v. Lingo, Tex.Civ.App., 273 S.W.2d 119, (Ref. N. R. E.).

Where an application for certiorari is granted by the District Court the case must be tried on its merits as if it were an original suit, except that the hearing is confined to the grounds of error set out in the application for the writ. Rule 350, T.R.C.P.; Jirou v. Jirou, supra; Hurley v. Hirsch, Tex.Civ.App., 66 S.W.2d 387; McDonald v. Edwards, 137 Tex. 423, 153 S.W. 2d 567.

The grounds of error alleged in appellants' petition for certiorari have been previously noted. In our opinion nothing is presented therein which would require a different judgment from that rendered by the District Court and the points urged by appellants in connection therewith present no reversible error. The contract in question does provide, in effect, that the sale should be consummated within 90 days. The record shows, however, that Mr. J. R. Newsom died before expiration of the 90 day period and that the delay in closing the transaction was caused by his death and the necessity for an administration of his estate. No administrator was appointed over Mr. Newsom's estate until August 16, 1961. At that time appellee, Mrs. Newsom, was appointed administratrix and the appointment was more than 90 days after execution of the contract. In our opinion the right of the Gentrys to have the contract enforced was not defeated by such a delay in consummation of the contract.

We also overrule appellants' contention that the contract was not capable of being specifically enforced because there was no mutuality of remedy in that it required D. S. Gentry and his wife to execute a vendor's lien note against the land in question; that Mrs. Gentry did not sign the contract, and therefore was not obligated thereunder and could not be required to do so. Mr. Gentry acted on behalf of himself and his wife when he entered into the contract with Mr. J. R. Newsom. Mrs. Gentry thereafter signed the note and deed of trust provided for in the contract. In Adams v. Abbott, 151 Tex. 601, 254 S.W. 2d 78, it was held that mutuality of remedy at the inception of a contract for the sale of land is not an essential element in a suit for specific performance against a party who has bound himself in writing to a performance thereof, if mutuality of remedy is available at the time of the decree, and that such mutuality may be supplied by performance by the party seeking specific performance. In the instant case appellees at the time of the decree for specific performance had performed according to the terms of the contract and were entitled to the relief prayed for.

Appellants further urge that the contract was void because Mr. J. R. Newsom was of unsound mind and incompetent to understand the nature of such a business transaction; that execution of the contract by Mr. Newsom under these circumstances was the result of undue influence on the

part of appellees; that the signature of Mr. Newsom on such contract was a forgery, and that the sale was for an inadequate consideration and an attempt to deprive appellants of their lawful inheritance as heirs of J. R. Newsom, deceased, who died intestate leaving no will. None of these points are well taken. There was no evidence that Mr. J. R. Newsom at the time he signed the contract was of unsound mind or incompetent to attend to business matters, no evidence tending to show that execution of the contract by Mr. Newsom was the result of undue influence on the part of appellees, or of any one else, no evidence that the signature of Mr. Newsom to the contract was a forgery and no evidence of a lack of consideration for execution of such contract. Appellants' points are all overruled.

The judgment is affirmed.