Gracie HOLT, d/b/a Gracie's Answering Service, Appellant,

v.

ELLIOTT INDUSTRIES, INC., Appellee.

No. 2–85–219–CV.

Court of Appeals of Texas, Fort Worth.

June 25, 1986.

436 ■

Wm. G. "Bill" Paul & Associates, P.C. and William G. Paul, Wichita Falls, for appellant.

Law Offices of Schenk & Sanders and Joe Poirot, Wichita Falls, for appellee.

Before FENDER, C.J., and JOE SPUR-LOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

Gracie Holt d/b/a Gracie's Answering Service appeals from a summary judgment for specific performance ordering her to turn over her business, Gracie's Answering Service, to Elliott Industries, Inc., as agreed to in their written contract of July 22, 1984. In three points of error, Holt urges that the summary judgment proof was insufficient to support the granting of the summary judgment.

We reverse and remand.

In points of error numbers one, two and three, Holt urges that the summary judgment proof was insufficient to support the granting of the summary judgment.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *Id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. If such uncontroverted evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue, unless it is clear, direct, positive and free from inconsistencies and contradictions. *Id.* The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

Gracie Holt asserts that Elliott Industries, Inc., is not entitled to specific performance because it has not substantially performed its obligations under the contract, because there is a fact issue as to Elliott Industries being ready, able and willing to perform its obligation under the contract, and because there is a fact issue as to her allegations of duress. She also refers to fact issues raised by conflicts between the pleadings and the summary judgment proof as to the name of the other party to the contract and as to the identity of the contract actually entered into.

The summary judgment proof consists of affidavits by Karry Elliott; Gracie Holt; Elliott's lawyer, Joseph R. Poirot; and the depositions of Karry Elliott and Gracie Holt.

The summary judgment evidence reflects that Karry Elliott is the president of Elliott Industries, Inc., which contracted with Gracie Holt d/b/a Gracie's Answering Service for the purchase of the answering service. There is no dispute between the parties either as to the identity of the contracting parties nor as to the terms of the contract. The closing date for the purchase was July 22, 1984. The contract called for a purchase price of $53,750, payable by a cash down payment of $4,000 at closing with the balance of the purchase price to be paid by Elliott's promissory note bearing interest at nine percent (9%) per annum payable first in six monthly payments of $1,000, with the remainder to be paid in thirty equal monthly installments. The first $1,000 monthly installment was to be due one month following the date of closing. There was no contract provision that time was of the essence. Elliott's check for the down payment did not clear due to insufficient funds. Eventually, the check cleared and Holt received the funds, keeping them for over a month. The first of the six monthly payments of $1,000 was due on August 22, 1984. By August 29th, Holt had received neither the payment due nor the promissory note for the remainder of the purchase price. Because of the difficulties, Holt sought to rescind the contract on that date by letter from her attorney to Mr. Elliott. Holt received the payment along with the note on September 5, 1984. Several monthly payments were made, thereafter, all being mailed by the due date. These payments were not accepted by Holt. There was no pleading or summary judgment evidence which otherwise sought to establish Elliott's ability to perform the contract in accordance with its terms.

When a party seeks specific performance, it must be and remain at all times ready, willing and able to perform its part of the contract according to its terms. *Newsom v. Newsom*, 398 S.W.2d 329 (Tex.Civ.App.—Eastland 1965, writ ref'd n.r.e.). Elliott Industries has not pled that it is ready, willing and able to perform its part of the contract according to its terms, nor does the summary judgment evidence establish that Elliott has conclusively proved this essential element of its action for specific performance.

If anything, the summary judgment evidence raises some questions as to Elliott's ability to perform in accordance with the terms of its contract. We sustain points of error numbers one, two, and three.

We reverse and remand this cause for further proceedings consistent with this opinion.