The TEXACALLY JOINT VENTURE, Richard L. Matz, Trustee and Randy C. Rogers, Trustee, Appellants,

v.

Kathlene KING, Trustee, Appellee.

No. 14653.

Court of Appeals of Texas, Austin.

Oct. 15, 1986.

Rehearing Denied Nov. 12, 1986.

Joseph Latting, Geoffrey Amsel, Shapiro, Edens & Cook, Austin, for appellants.

E. Richard Criss, Jr., Law Offices of E. Richard Criss, Jr., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

The Texacally Joint Venture, Richard L. Matz, Trustee, and Randy C. Rogers, Trustee ("Texacally") appeal from the judgment of the trial court granting Kathlene King, Trustee, specific performance of a contract to purchase a certain parcel of land. We will affirm the judgment of the trial court.

In the original suit, King sought specific performance of a contract to purchase 123 acres of unimproved real property in Williamson County. The trial court denied specific performance because of King's purported failure to timely deposit a letter of credit with the escrow agent, as required by the contract. On appeal, we found that King had complied with the contract requirements, reversed the judgment of the trial court and remanded for entry of a decree of specific performance. *King v.*

*Texacally Joint Venture, et al.,* 690 S.W.2d 618 (Tex.App.1985, writ ref'd n.r.e.).

By its only point of error, Texacally complains that the decree of specific performance entered by the trial court on remand was improper because King was unable to perform the contract at the time the decree was entered. Texacally bases its argument on the principle that one who seeks specific performance of a real estate contract must prove that he has diligently and timely performed or tendered performance of all obligations set forth in the contract. *Riley v. Powell,* 665 S.W.2d 578, 581 (Tex.App. 1984, writ ref'd n.r.e.); *Newsom v. Newsom,* 398 S.W.2d 329 (Tex.Civ.App.1965) writ ref'd n.r.e. per curiam, 403 S.W.2d 334 (Tex.1966).

At the hearing on remand, King requested that the court grant her six weeks to review the title policy and other closing documents and to finalize a loan before closing the transaction. The court granted King only one week to complete her review of the closing papers and to deposit $881,-025.68 purchase money into the court registry. King complied. Texacally argues that specific performance is now inappropriate because of "uncontroverted new evidence" that King was not ready, willing and able to tender performance at the time the decree was entered. We overrule this point of error.

When a case is remanded to the trial court with instructions, the authority of the trial court is limited to trying only those issues specified in the mandate. *Michna v. City of Houston,* 534 S.W.2d 728 (Tex.Civ.App.1976, writ ref'd n.r.e.); *Owens v. Lubbock Independent School District,* 237 S.W.2d 711 (Tex.Civ.App.1950, writ ref'd n.r.e.); *Humble Oil & Refining Co. v. Kishi,* 299 S.W. 687, 689 (Tex.Civ. App.1927, writ ref'd). Whether King was ready, willing and able to perform was, therefore, not subject to relitigation in the trial court on remand.

Nor is the issue subject to reconsideration in this Court. We previously held that King did diligently and timely perform or tender performance of the contract. This

disposition is the law of the case. *See Miller v. Winn,* 28 S.W.2d 578 (Tex.Civ. App.1930, writ ref'd).

Texacally argues the "uncontroverted new evidence" that King was unable to perform the contract immediately upon remand divested King of her entitlement to the remedy of specific performance. We disagree. The relevant time for determining whether King was ready, willing and able to perform was at the original time for performance under the contract, not at the hearing on remand. *See Wells v. Littlefield,* 62 Tex. 28, 33 (1884). King tendered performance and that performance was wrongfully refused by Texacally.

Texacally apparently argues that, after it wrongfully refused to perform and the trial court refused to enforce the contract, King should have been required to keep her prior financing intact pending appeal. Since King could not use the Williamson County property as collateral, this would likely be impracticable. Even if this were feasible, King would have had to pay interest on more than $880,000 for the duration of the legal proceedings with no guarantee she would ultimately prevail. This cost would have been a direct result of Texacally's earlier wrongful conduct. Such a result would be both unreasonable and unconscionable.

It is true that on remand, the trial court must not exceed the scope of the mandate. *Owens v. Lubbock Independent School District, supra.* As a practical matter, however, the trial judge must be allowed some reasonable exercise of discretion in fulfilling the terms of the mandate. *See Wells v. Littlefield, supra,* at 32–33. The mandate in this case instructed the trial court to "enter judgment ordering specific performance of the contract made the basis of this suit." The trial court did so, allowing one week for the parties to comply. We note that Texacally has not alleged that it was harmed in any way by this order, and, indeed, the parties agreed during oral argument that the contract has been fully performed. We hold that it was

not an abuse of the trial court's discretion to allow King one week to complete the transaction. We affirm the judgment of the trial court.

POWERS, J., not participating.