PAYN et al. v. CALDWELL et al. (No. 1671.)*

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1924. Rehearing Denied Dec. 31, 1924.)

Executors and administrators ☜510(6)—Limitation of forum governs time of opening estate closed in probate.

Vernon's Sayles' Ann. Civ. St. 1914, art. 733, limiting time for opening settlement of decedents' estates, except that persons under disability shall have two years after such disability is removed, and the similar exception in article 5708 apply, notwithstanding nonresidence of applicants and law of their domicile.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Certiorari to review proceedings of probate court by Elizabeth Buckland Fauvel Payn and another against J. M. Caldwell and others. From sustaining plea in bar to

writ of certiorari, plaintiff appeals. Reversed and remanded.

Eugene P. Locke, Ralph Randolph, and Locke & Locke, all of Dallas, for appellant.

E. R. Bryan, of Midland, Beall & Beall, of Sweetwater, and Seay, Seay, Malone & Lipscomb, of Dallas, for appellees.

HARPER, C. J. C. J. Buckland, of Midland county, Tex., died June 17, 1909, leaving a will, which was duly probated, and J. M. Caldwell qualified as executor July 10, 1909.

On July 28, 1917, the executor filed final report, and on same day it was approved by the court, and an order entered discharging the executor and his bondsmen and closing the estate. Thereafter, on, to wit, July 30, 1923, the appellants applied to the district court of Midland county for the issuance of a writ of certiorari to revise the proceedings of the probate court.

The application is sufficient in form and substance.

The defendant J. M. Caldwell, after motion to quash citation and questioned the authority of the attorney to file the application, next filed a plea in bar which forms the basis of this appeal and simultaneously therewith a motion for continuance.

"The plea in bar set forth that the plaintiffs' petition for writ of certiorari showed upon its face that all of the plaintiffs in the case are subjects of the kingdom of Great Britain, and are and were at the time of the transactions referred to domiciled in the kingdom of Great Britain, and were so domiciled at the time of the death of C. J. Buckland, and ever since that time; that the petitioner Elizabeth Buckland Fauvel Payn is a married woman, and has been so married ever since the death of C. J. Buckland, and that Amelia Ann de Ste. Croix Fauvel Gurney is a married woman, and has been ever since April 25, 1916. It was further alleged that the petition for writ of certiorari revealed that more than two years had elapsed since the entry of each and all of the proceedings of the county court complained of and sought to be revised by writ of certiorari, and that at the time of the death of C. J. Buckland and ever since, under the laws of England, coverture was and has been no disability to a married woman, who, during such period, has been capable of entering into contracts and suing and being sued whether in contract or in tort or otherwise, in all respects as if she were a feme sole, and her husband need not be joined with her as plaintiff or defendant, and that, the petitioners who are married women not being under any disability by the law of their domicile, the two-year period of limitation prescribed by articles 5708 and 733 of the Revised Statutes had run and this suit or proceeding was barred before the commencement thereof.

"It was agreed in open court that the law of the United Kingdom of Great Britain and Ireland with reference to the rights and capacities of married women was contained in an enactment passed by the third session of the twenty-second Parliament of the United Kingdom of

Great Britain and Ireland, entitled: 'An act to consolidate and amend the acts relating to the property of the married women,' the test of which is set out in the statement of facts, on pages 1 to 16 inclusive, and which,. in so far as this appeal is· concerned, is substantially as pleaded by the defendant J. M. Caldwell in his plea in bar. No action, therefore, was taken on the motion for continuance. In support of the said plea in bar the defendant J. M. Caldwell offered in evidence the said act, the text of which had been agreed upon. The only other evidence offered by the defendant Caldwell was a letter from the solicitors of the plaintiff Mrs. Payn, in which it was stated that by the law of Jersey, her domicile, she was sui juris to contract, and to sue and be sued. No evidence was offered by any of the plaintiffs or the other defendant.

"On the basis of the foregoing evidence introduced, the court sustained the said plea in bar, and on February 6, 1924, entered final judgment for the defendants that they go hence without day and recover their costs.

"In due course plaintiffs filed a motion, and an amended motion, for reconsideration, but the motion, as amended, was overruled by the court. To this action of the court, the plaintiffs severally excepted and gave notice of appeal, which has been duly perfected."

Appellants urge first proposition:

"Regardless of the law of her domicile, a nonresident feme covert, joined pro forma by her husband, is entitled, at any time during coverture, to apply to the proper district court in Texas, under the provisions of articles 733 (332) and 5708 (3373) of the revised statutes, for a revision and correction of proceedings had in the probate court of Texas wherein an estate in which she has an interest has been administered during such coverture."

Appellees assert the contrary proposition, so we have the one question for determination, to wit, whether the period during which the appellants may institute this proceeding is controlled by the law of the forum or by the law of the litigants' domicile.

Article 733, Revised Civil Statutes (Vernon's Sayles') of Texas, is as follows:

"*Certiorari to County Court, Issued When.*— Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward; provided, that persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

To the same general effect is article 5708 (3373):

"*Limitation Shall Not Run Against Infants, etc.*—If a person entitled to bring any action other than those mentioned in chapter one of this title be at the time the cause of action accrues, either—

"1. Under the age of twenty-one years;

"2. A married woman;

"3. Of unsound mind; or

"4. A person imprisoned; the time of such disability shall not be deemed a portion of the time limited for the commencement of the action; and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

These are statutes of limitations, therefore remedial, and do not affect the substantive rights' of the litigants, but relate to the remedy, therefore, being the law of the forum, govern the procedure in this class of cases. Gautier v. Franklin, 1 Tex. 732; Smith v. Webb (Tex. Civ. App.) 181 S. W. 814.

This statute clearly excepts femes covert without reference to their domicile and, in our opinion, is not subject to other construction.

It is contended by appellee, by counter proposition, as follows:

"The capacity of a nonresident alien married woman to sue or be sued is governed by the law of her domicile, is personal to her, and follows her into any state in which she may chance to sue; hence a nonresident alien married woman, being sui juris under the laws of her domicile, who makes application to a district court in Texas to have the proceedings of a county court revised and corrected, must do so within two years after such proceedings were had, to avoid the statute of limitation, and cannot plead coverture to shield herself against limitation, because, as to her, coverture is not a disability."

And have argued it with marked ability with copious citation of authorities, but, without reviewing them, we hold that they have no application.

The cause is therefore reversed and remanded for trial upon its merits.