## PEARSON v. HOLLAND et al.

### No. 12820.

Court of Civil Appeals of Texas. Dallas.
Jan. 13, 1940.

Rehearing Denied Feb. 24, 1940.

John W. Pope, Sr., and Robert M. Vaughan, both of Dallas, for appellant.

Malone, Lipscomb, White & Seay, S. P. Sadler, and Touchstone, Wight, Gormley, Strasburger & Price, all of Dallas, for appellee.

YOUNG, Justice.

Appellant's first amended original petition in the lower court complained of parties who had theretofore been interested in the consolidated estates in probate of Laura B. Pearson and William Festus Pearson. Upon a hearing of certain pleas in abatement and to the jurisdiction, urged by all defendants, same were sustained and the cause dismissed, with the consequence of this appeal. Referring to the litigants as on the trial, plaintiff (appellant here) had been administrator of the above estates, resigning about November 15, 1935, and being succeeded by Robert B. Holland as temporary administrator, who continued to act until closing of the estates in December, 1936. The properties of plaintiff's parents were involved in the previous probate proceedings. By original petition dated March 16, 1938, plaintiff filed suit in the district court against his three sisters, Mrs. Lora Pearson Brannon, Mrs. Maudelle Pearson Combs and Mrs. Ailene Pearson Williams, who, together with Leonard L. Pearson and plaintiff, were sole heirs of said parents; S. P. Sadler and Mr. Holland, as temporary administrator, being also joined individually and as attorneys in fact. In this petition, plaintiff sought to cancel and set aside, on grounds of fraud, a deed executed by him September 17, 1936, conveying his one-fifth interest in the estate to his brother and sisters; claiming said instrument to have been given as security, only, for certain disproportionate advances to himself while administrator, and was not a positive conveyance; that in the estate's administration, following his resignation, the other heirs had drawn moneys and properties in excess of the amounts drawn by plaintiff, as shown by the records of the estate, whereby he was entitled to repossession of his one-fifth interest and all proceeds thereof. On June 20, 1938, plaintiff filed in the same cause amended pleadings, endorsed: "Pltf's 1st Amended Orig. Pet. In Addition to Orig. Relief Sought Writ of Certiorari to County Court of Dallas Co., Tex. sitting in probate is prayed for." In this amendment, Leonard L. Pearson, brother, and the American Surety Company, surety on plaintiff's bond as administrator, were included as defendants. The introductory allegations of the amendment were: "That, as grounds for granting the writ of certiorari sought by this petition and awarding to plaintiff the relief thereby sought, plaintiff respectfully represents to the court * * *"; closing with the prayer: "* * * that said cause be tried de novo, as to and on the grounds of error, specified in this application and/or petition for writ of certiorari, and that your petitioner have judgment establishing his right to share in the partition and distribution of the properties hereinabove described, heretofore attempted to be partitioned, and that his rights as an heir thereto to an undivided one-fifth interest of such properties be, in all things, recognized and established as a just and legal claim, right and title thereto; * * *". Said amended petition again alleged fraud in the procurement by plaintiff's co-heirs of the deed dated September 17, 1936, conveying to them plaintiff's one-fifth interest, alleging same to be merely a mortgage, which had been discharged by repayment to said heirs of all previous over-payments and advances to such plaintiff; the effect of the specifications of error in the amendment being that the agreement for partition, limiting the distribution of the estate to plaintiff's brother and sisters, based on said deed, was void; and the court's order thereon, to-

gether with the order of final partition closing the estate, likewise void, because the aforesaid deed was recognized as a conveyance and not a mortgage, the probate court being without jurisdiction to construe the validity thereof.

Upon presentation, said petition for certiorari was granted by the district court, bond furnished, and a transcript of the probate proceedings relating to the Pearson Estate was in evidence on the trial de novo. Art. 939, R.S. A judgment after hearing appears in said transcript, of date June 5, 1936, involving the final audit of plaintiff's tenure as administrator; his bondsmen, American Surety Company, appearing by counsel, but plaintiff, though served with notice, failing to appear. It was found that plaintiff was indebted to the estate in the sum of $21,014.02, judgment being so rendered against both principal and surety on the administrator's bond. The Surety Company alone excepted to this order establishing liability. On June 9, 1936, the probate minutes disclose the approval of a compromise judgment whereby said Surety was discharged from liability on said bond, by payment of $13,000 to the estate. Plaintiff made no further appearance in the probate transactions and hearings, leading up to and including the closing thereof on December 15, 1936. The district court did not obtain jurisdiction to revise and correct the above judgment against plaintiff and in favor of the estate, as his suit in certiorari was filed more than two years after such proceedings were had. Art. 932; Wade v. Scott, Tex.Civ.App., 145 S.W. 675. Indeed, plaintiff does not seek to review the finding of June 5, 1936, that $21,014.02 had been theretofore improperly received by him, his specifications of error being, in effect, that on the date of the partition agreement between the other heirs (November 17, 1936) and of the formal order closing the estate (December 15, 1936), "there had been repaid by your petitioner out of his part of monies of said estate, all of the money he had so advanced himself; and thereby the indebtedness for which said deed of trust had been executed to secure, had been fully paid off and discharged * * *". That Mr. Holland, in his final report, had completely and accurately accounted for the assets of the estate during his administration as plaintiff's successor, does not seem to be questioned in said specifications. Plaintiff's principal grievance consists in his exclusion as a distributee perforce of the deed of conveyance; contending that upon a review of such probate orders, said instrument should be declared a mortgage, and the antecedent debt be declared fully paid on re-statement of accounts. It is clear to us that plaintiff's petition in certiorari and specifications therein are not cognizable in the district court, functioning in its appellate capacity. Plaintiff seeks thereby to litigate the validity of his said deed; that is to say, the title to realty. This, the district court has no jurisdiction to do in a petition for certiorari from the probate court, the latter court, as such, not having the necessary jurisdiction. Miers v. Betterton, 18 Tex.Civ.App. 430, 45 S.W. 430. The writ "cannot be properly employed to correct errors in deeds of guardians or administrators, but only errors of the county court. The district court in such proceeding could not try the title to the land or remove cloud therefrom. Its jurisdiction was confined to reviewing errors committed by the probate court." Schwind v. Goodman, Tex.Com.App., 221 S.W. 579, 581. It further appears from plaintiff's specifications of error and said transcript of probate proceedings, that, following the judgment establishing his shortage to the estate, the offer or claim of restitution was not presented in that court, and no adjudication was ever had touching said issue. Hence, the district court did not err in dismissing plaintiff's writ for want of jurisdiction, the probate court having made no order on the claim of restitution that such appellate court could review in this revisory procedure. Minor v. Hall, Tex.Civ.App., 225 S.W. 784; Landgraf v. Landgraf, Tex.Civ.App., 114 S.W.2d 424.

Appellant further insists that if the remedy by certiorari be not held available to him, the nature of the instrument, of date September 17, 1936 (whether a deed or mortgage) was an issue cognizable in the instant proceedings. In other words, that a cause of action for cancellation of deed and repossession was alleged independently of certiorari, which the district court had jurisdiction to entertain. Conceding, arguendo, that said pleading is susceptible to the construction that it embraces two counts, we think Pierce v. Foreign Mission Board, Tex.Com.App., 235 S.W. 552, 554, is sufficient authority for the statement that an original action in the district court cannot be joined with a petition in certiorari to the probate court, even.

by consent. But aside from this, a perusal of said first amended original petition discloses that it is essentially a statutory suit in certiorari, for revision of previous orders in probate, the validity vel non of the aforesaid deed being a new, issue introduced therein upon appeal. Pertinent to this situation, the court, in Pierce v. Foreign Mission Board, supra, after discussing a previous Supreme Court decision, said: "The effect of the decision of our Supreme Court aforesaid is that any judgment rendered by the district court in a probate matter in a suit originating in the district court is void. *We think the same rule would apply where new issues were introduced after appeal in a case which was originally filed in the county court.* In an appeal proceeding in probate, the issues upon appeal must be confined to those in the original proceeding." (Italics ours)

It follows that the judgment of the trial court on plaintiff's said pleadings must be affirmed.

Affirmed.