**RIPLEY et al. v. DEARING et al.**

No. 5799.

Court of Civil Appeals of Texas. Texarkana.

Motion for Rehearing June 18, 1941.

Rehearing Denied July 3, 1941.

244

Vinson, Elkins, Weems & Francis and C. E. Bryson, all of Houston, Simon & Wynn, of Fort Worth, and Edwin M. Fulton, W. C. Hancock, both of Gilmer, for appellants.

Florence & Florence and Russell Surles, all of Gilmer, for appellees.

WILLIAMS, Justice.

The County Court of Upshur County on November 11, 1935, in cause No. 1861 on its probate docket, admitted to probate as the will of Arthur G. Dearing, an instrument in the form of a letter which reads:

"Gainesville, Texas
June 20 –97

My dear Ena.

I rec'd your most welcome letter yesterday evening and you do not know how glad I was to get it, although I hardly expected it would be there but I went for it just the same. We are going to start out threshing about the middle of this week if the weather is good, but I am going to try very hard to get to the P. O. every Sunday morning. My cold is nearly well and my finger also. No my dear girl my castles are not all going to fall if I can help it, the one we laid for September must not fall you must keep that fresh in your memory. I hope there will nothing to that one it would nearly kill me. If there should anything happen to me that I would be liable to die my body would be send to Gladewater. I will talk to Boon Wheelock about it tomorrow. I am glad you spoke about it in your letter but I hope and pray that no such thing may happen to either of us for I wouldn't give you up. I wouldn't want to live any longer if you should die. Of course we dont know how quick we may be taken away but you must not think of it any more than you can help. If I should die first—I want you to have all I have got, which is not much, for I have been working for you for the past two or three years. My dear girl must not believe in dreams at all for they hardly ever prove true. I don't remember of having but one that came anywhere near it, and you know

what that was. I am glad you think more of me than you do of those others. You can't think too much of me. I appreciate it all and love you with all my heart in return. It has been fearful warm today. I dread the threshing season some but my work wont be very hard for I have a good fireman he does (or will do) most of the running when we are standing and I will do it on the road. I weight 138# now 5 more than when I left home. If I keep on through the summer I will be all right. You must not work too hard in that cotton. Tell Little Linda howdy I would like to have her 'come to Dearing,' ever so much. Write as soon as you can and dont forget the one who loves you dearly.

Arthur

P. S. Tell Hick I will send his hone right away.

A."

His surviving widow, Mrs. Bridget Dearing, appellee herein, was granted letters testamentary, and on November 27, 1935, her oath and bond and the inventory and appraisement were approved. Arthur G. Dearing died November 2, 1931. Appellee filed on October 29, 1935, her application for probate of the alleged will.

Thereafter, on October 27, 1937, Geo. A. Ripley, one of the appellants herein, claiming to have acquired by purchase from brothers and sisters of deceased certain mineral interests under land belonging to deceased's estate, filed his application in the District Court of Upshur County for a writ of certiorari. On the same day a writ of certiorari issued to the county court. In pursuance to such writ, the transcript of all the probate proceedings theretofore had in the county court were duly filed in the district court on December 14, 1937, taking No. 7091 on the docket of the latter court.

Thereafter, on July 14, 1938, R. A. Graddy, the other appellant herein, claiming an interest in certain minerals, filed suit in the county court in which he named Ripley, certain alleged heirs of deceased, appellee, and others, as defendants. In the third amended original petition filed on August 7, 1939, in his suit styled R. A. Graddy et al. v. Bridget Dearing et al., No. 3216, in which Ripley joined Graddy as a party plaintiff, they sought to vacate and set aside above-mentioned probate orders theretofore entered in cause No. 1861, Re Estate of Arthur G. Dearing, Deceased. To the judgment entered in

the county court which denied relief prayed for, Graddy and Ripley perfected an appeal to the district court, being docketed as No. 7534 in the latter court. No useful purpose will be served to detail the various pleas and pleading had respectively in causes No. 7534 and No. 7081 prior to the time they were consolidated by the court. In the original petition under the consolidated causes, upon which trial was had, Ripley and Graddy alleged that they each owned an undivided ¼ and Mrs. Bridget Dearing an undivided ½ interest in the minerals under certain land owned by deceased at the time of his death; and that she and the other named defendant heirs owned the surface rights. And for grounds to vacate and annul the judgment of the probate court which admitted the instrument to probate as the will of Arthur G. Dearing, they followed the allegations set up in Ripley's application for writ of certiorari to the following extent: (1) Said letter was not in the handwriting of Arthur G. Dearing and was not wholly written by the deceased; (2) that the instrument was not executed and published with the formality required by law necessary to the execution of a will; (3) the letter was not intended as a will by the deceased and the language used was not subject to such construction; (4) the letter was not signed by the deceased nor addressed to nor intended for Bridget Dearing; (5) that Bridget Dearing should not be permitted to probate said instrument as the last will and testament of Arthur G. Dearing as against him (Ripley) because: (a) after Dearing died and before he (Ripley) purchased his claimed mineral interests from heirs of the deceased, Ripley visited Mrs. Bridget Dearing at her home and made inquiry about the brothers and sisters of her deceased husband and as to whether or not her husband had died intestate; (b) that she informed Ripley prior to his purchase that her husband had died without leaving a will; (c) that believing and relying upon such representations so made to him, he thereupon purchased from the brothers and sisters of deceased his claimed mineral interest and had paid a valuable consideration for same; and (d) that by reasons aforesaid Bridget Dearing is now estopped to claim any title whatsoever under any will of deceased and is now estopped from probating the purported will as against him (Ripley). Their petition contained the further allegations that had been set up in county court cause No. 3216 which Graddy had filed, namely, (6) that said letter, if a will, upon its face clearly shows it was conditional and contingent upon the death of Dearing while away from home and prior to the death of Bridget Dearing, and further contingent upon his death prior to his then contemplated marriage to the addressee, neither of which contingencies happened. In their prayer they asked that the judgment theretofore entered admitting the letter to probate as the will of deceased and all other orders in probate be annulled and vacated; that the cause No. 1816 in probate be dismissed; and said letter be declared and adjudged to be not the last will and testament of Arthur G. Dearing.

■ The trial court sustained defendants' exceptions to that paragraph in the consolidated petition wherein plaintiffs had pleaded the matters in estoppel above detailed. Defendants contend now as they did then that such allegations of estoppel raise a question of title to real estate over which the probate court did not have jurisdiction, and over which the district court did not have jurisdiction on this appeal from that court. This action of the trial court is sustained.

■ In the observations which follow it will be assumed that the acts and conduct above set out in the petition in support of the asserted estoppel are true in fact. The estoppel so pleaded is asserted only by Ripley and then only to the extent of his claimed interest in a portion of deceased's estate. Such estoppel, if sustained, could not possibly inure to the benefit of the other litigants who did not assert such a defense. The defense urged by Ripley would not apply to a greater interest than that to which he may have acquired a valid title. The mineral deed introduced by Ripley purports to convey ½ the minerals from certain alleged heirs, while a power of attorney introduced purports to assign to Graddy a ¾ interest from said alleged heirs. The question then arises, What interest had he acquired? To have excepted from the effect of the probation of the will the claimed interest of Ripley or such interest as to which Ripley might have a valid title would necessarily require in the proceeding to probate the will in the probate court a determination first by that court of the amount of the interest and the validity of such interest so claimed or owned by Ripley. To have

excepted ¼ of the minerals from the effect of the probate of the will would have required an adjudication that Ripley then owned a valid title to such interest. The probate court on a hearing to probate was without jurisdiction to hear and adjudicate a title to land and the district court did not acquire jurisdiction to so adjudicate on this appeal by writ of certiorari. 68 C.J., Wills, § 622; McNaley v. Sealy, Tex.Civ.App., 122 S.W.2d 330, 331, 332; 28 R.C.L. Sec. 379, p. 377. If the facts asserted are valid to estop Mrs. Dearing from asserting title under the will to the interest claimed by Ripley, which we do not determine, such redress is open to Ripley in the trespass to try title action now pending in the District Court of Upshur County. We are cited to no authority and in our research have found none that authorizes the county court sitting in probate to probate a will in piecemeal. It is either the will of the decedent and subject to be probated or it is not. 68 C.J., Wills, § 620, 621.

Appellants' propositions Nos. 2, 3 and 5 are premised on the asserted legal right of Graddy to prosecute as a party plaintiff any of the matters set up by Ripley in his certiorari proceedings; and the legal right of Ripley and Graddy, jointly or severally, to amend the grounds to vacate set up in Ripley's application for writ of certiorari and to allege and prosecute on the additional allegations that the bequest named in the will was conditioned on Dearing's dying on the threshing trip at Gainesville and conditioned on his dying before his marriage to the addressee of that letter. These propositions are overruled. It is to be observed from the dates hereinbefore set out that Graddy filed his suit in the county court more than two years after the probate orders had been entered therein. Graddy filed his suit in the county court after Ripley's application for writ of certiorari had been perfected and the appeal and the probate cause had been lodged in the district court. Order entered in an estate of a decedent was sought to be attacked by Graddy in his suit in the county court. Article 932 of the Revised Civil Statutes of 1925 applicable under this record provides that application for writ of certiorari shall be filed within two years after the entry of the probate order so entered. Article 939, R.C.S.1925, provides "the issues shall be confined to the grounds of error specified in the application for the writ" of certiorari, which we hold under

this record were limited to the issues set up in Ripley's application for writ of certiorari. Defendants' special exceptions were leveled at these additional issues set up in the amended pleadings and of the right of Graddy as a party plaintiff to prosecute any of the matters set up in the petition. The refusal of the trial court to submit the requested issues grounded on the additional issues pleaded is sustained. Article 939, R.C.S.; 13 T.J. p. 639.

In response to special issue No. 1 the jury found that the instrument was wholly in the handwriting of deceased. The jury answered "Yes" to issue No. 2 reading: "Do you find, from a preponderance of the evidence, that Arthur Dearing, at the time he wrote the instrument in question, if you have answered that he did, intended by said instrument to make disposition of his property, to take effect at his death, unless he should revoke the same? Answer 'Yes' or 'No'." The court admitted the instrument to probate as the last will and testament of Arthur G. Dearing, finding as recited in the judgment "from the answers of the jury to said issues and from the evidence that Dearing left a will in the form of a letter written wholly in his own handwriting and signed by him, by the terms of which he devised all his property to the defendant; that he was twenty-one years of age and was of sound and disposing mind and memory at the time he wrote the instrument herein declared to be a will and that the court is satisfied that said will so executed had not been revoked."

Under appellants' seventh and eighth propositions they assert: "The letter which was admitted to probate * * * when considered in the light of the admitted circumstances surrounding its execution, clearly shows that it was not the intention of said Arthur G. Dearing that that identical letter should constitute his last will and testament, or that at the time he signed same on June 20, 1897, he then had the present intention that same should be his last will and testament."

It is without dispute in this record, and appellants make no contention to the contrary, that the letter was written by deceased "on the date it bears at Gainesville, Texas, and intended for and mailed to appellee at Gladewater, Texas, and received by her out of that Post Office and that the letter and the address on the envelope enclosing same was wholly in the handwriting of deceased." The deceased, a file sawyer

and machinist by trade, when about twenty-five years of age left his home in Vermont for the West. In 1894 he settled in Upshur County where he secured work at a sawmill owned by John O'Byrne, the father of appellee. Deceased made his home with this family, where he became acquainted with Bridget Evalena O'Byrne, known as Ena. Their romance culminated in marriage on February 7, 1898, and terminated upon his death at the age of seventy-seven. None of deceased's blood relatives ever visited him after he located in Upshur County, Tex. According to the testimony of Ben Dearing, the relatives heard from deceased one time after he came to Texas. Deeds from John O'Byrne, dated in May 1897, reciting cash consideration of $198, purport to convey to deceased 70 acres of land. Approximately six weeks later, and some eight months prior to the marriage, the deceased while at work at a threshing machine near Gainesville, Texas, wrote and mailed the letter in question. This the appellee kept in her trunk through the years until this controversy arose over the title to her home.

There is no testimony or evidence other than the contents of the letter and above-detailed facts existing at the time that throws any light upon deceased's intent at the time he wrote the letter. There is not an iota of evidence that even to intimates he ever expressed an intent contrary to that expressed in the letter, or that any reason thereafter existed to cause him to wish to revoke it. In fact there is no evidence in this record of any discussion by deceased or any remark made by him or any one else of this purported will or of any will by any one, either at the time, before or after the instrument in question was executed.

 This brings us to the phrase expressed in the instrument itself reading: "I wouldn't want to live any longer if you should die. Of course we don't know how quick we may be taken away, but you must not think of it any more than you can help. *If I should die first* (which he did) *I want you to have all I have got, which is not much, for I have been working for you for the past two or three years.*" (Italics ours.) This expression certainly is testamentary in character. It is to be presumed that he so intended what he expressed, that is, upon his death he wanted his property to go to her. Merrill v. Boal, 47 R.I. 274, 132 A. 721, 45 A.L.R. 830; 28 R.C.L., Wills, Sec. 174, 177. The record is entirely absent of any evidence that de-

ceased had an intent contrary to that so expressed by him. To reach a conclusion contrary to his expressed intention would be without support of any evidence. From observation above made, it is concluded that no issue of fact was presented on testamentary intent, and that from the uncontradicted facts and the findings of the court that deceased was of sound mind, twenty-one years of age, the instrument wholly in the handwriting of deceased and being satisfied that same had not been revoked, this letter was entitled to probate as a matter of law as the last will and testament of Arthur G. Dearing. Wilson v. Paulus, Tex.Com.App., 15 S.W.2d 571; Grubb v. Anderson, Tex.Civ.App., 38 S.W.2d 847; 68 C.J. § 892, p. 1072.

The conclusion thus reached eliminates a discussion of the other propositions presented and they are respectfully overruled.

The judgment is affirmed.