Hulda LUDEWIG et al., Appellants,

v.

Hulda RAUCH et al., Appellees.

No. 10464.

Court of Civil Appeals of Texas.

Austin.

March 13, 1957.

Rehearing Denied April 3, 1957.

Ronald Smallwood, San Antonio, for appellant.

H. A. Triesch, New Braunfels, for appellee.

HUGHES, Justice.

This is an appeal by certiorari from an order of the County (Probate) Court of Comal County admitting to probate the alleged will of Friedrich Arnold, deceased, and other orders pertaining or incidental thereto.

When the cause reached the District Court appellees' plea in abatement was sustained and, no amendment being filed, the cause was dismissed.

Appellants are Hulda Ludewig, Toska Ferguson and husband Lud Ferguson.

Appellees are Hulda Rauch, a widow, individually and as executrix of decedent's estate, Edna Rauch Schuman and husband Clarence Schuman, Almon Rauch, Elvira Rauch Branch and husband Carl Branch, Hedwig Rauch Krueger and husband Lawrence Krueger, and Agnes Rauch Brandt and husband Arno Brandt.

The plea in abatement has four grounds the first two of which are based upon the appeal being barred by the two year statute of limitation.[1] The last two grounds relate to the absence of necessary parties and the insufficiency of the pleadings.

Clearly the first two grounds of the plea, assuming the facts to be correctly stated, could not be cured by amendment whereas the last two grounds are remediable.

There are no findings of fact or conclusions of law and the court's judgment does not indicate upon which grounds the motion was sustained, however the parties brief only the question of limitation and we will confine this opinion to that subject.

The facts are these:

The order of the County Court probating the will was entered August 20, 1953.

Appellants' petition for certiorari was filed with the District Court Clerk on July 21, 1955.

On July 22, 1955, appellants' attorney, from San Antonio, wrote District Judge Fuchs as follows:

"I enclose herewith a copy of the petition I have filed with your Clerk in New Braunfels. Rule 345 reads as follows:

" 'The writ of certiorari shall in all cases be granted upon the application of a party therefor upon the applicant entering into bond in such sum as shall be required by the judge, sufficient to secure the costs of the proceeding.'

"I enclose herewith an order for your signature to fix the amount of the cost bond. I do not desire to supersede the proceedings in the County Court, pending this suit in your Court.

"Please have Mr. Reinarz[2] advise me the amount of the bond as may be fixed by you."

Not having heard from either the Judge or the Clerk in response to this letter appellants' attorney on August 18, 1955, telephoned Judge Fuchs the substance of such conversation being stated in the letter from the attorney to the Clerk of the same date, which we quote:

"I have just talked to Judge Fuchs on the telephone and he tells me that he signed the order fixing the amount of the cost bond in the above case shortly after he received it, about July 23, 1955. He told me he would have you write me the amount of the bond.

"I enclose herewith 10 copies of Plaintiff's petition and request that you

1. Sec. 30, Probate Code, V.A.T.S.

2. Clerk of the Comal County District Court.

issue regular citation for each of them. The defendants who live in Comal County can be served by your Sheriff and I ask that you hand him those citations for service.

"I request that you send me the citations for the defendants who live in other counties and I will secure service on them.

"I will send you a cost bond, as provided by the Judge's order, just as soon as I hear from you as to the date of the order and the amount fixed for the bond.

"Incidentally, the citation to the defendant, Hulda Rauch, should described her in all places as 'Hulda Rauch, a widow, individually and as Executrix of the Estate of Friedrich Arnold, Deceased.'"

This letter was answered by the Clerk on August 19, 1955, in which he stated that the Judge had signed the order July 23, 1955, and had set the bond at $200.00.

The bond was filed and approved August 26, 1955.

Sec. 30 of the Probate Code provides:

"Any person interested in proceedings in probate may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

The source of this Section is Article 932, R.C.S.1925.[3]

In considering the question of limitation under former Art. 932 the courts have had this to say:

"* * * in certiorari proceedings the district court only has jurisdiction to revise and correct such orders and decrees of the county court made within two years *before the filing of such application*[4] for certiorari. * * *." Wade v. Scott, Tex.Civ.App., Austin, 145 S.W. 675, 677.

"The district court did not obtain jurisdiction to revise and correct the above judgment against plaintiff and in favor of the estate, as his suit in certiorari *was filed* more than two years after such proceedings were had." Pearson v. Holland, Tex.Civ.App., Dallas, 136 S.W.2d 920, 922, writ refused.

"Article 932 of the Revised Civil Statutes of 1925 applicable under this record provides that application for writ of certiorari should be filed within two years after the entry of the probate order so entered." Ripley v. Dearing, Tex.Civ.App., Texarkana, 153 S.W.2d 243, 246, writ ref. W.O.M.

Since Sec. 30 of the Probate Code is identical with Art. 932 construed in the above cases insofar as the question of limitation is concerned we hold that those decisions are applicable here and since it appears that the petition for certiorari was filed within two years from the date on which the probate order attacked was entered such petition was timely filed.

Appellees refer us to Rules 344, 345, 347 and 349, Texas Rules of Civil Procedure, relating to "Certiorari to County Court." Rule 344 relates to the filing of the application. Rule 345, copied in full

3. "Article 932. [733] [332] [290] Certiorari to county court. Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward.

Persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

4. All italics in this opinion are supplied.

supra, provides that the writ shall be granted upon applicant giving the required bond. Rule 347 provides that the district clerk shall issue the writ upon applicant complying with the order of the judge and Rule 349 provides that whenever the writ has been issued the clerk shall issue citation for the adverse parties.

No specific time is prescribed by any of these rules for giving bond or doing any of the acts mentioned. We presume, of course, that if an applicant after timely filing a petition for writ of certiorari failed to exercise reasonable diligence in perfecting and prosecuting his appeal he would run the risk of having his application dismissed for want of prosecution.

The point is not made here but to us this record reflects not only reasonable but extreme diligence on the part of appellants in prosecuting their appeal.

For the error in dismissing appellants' petition this cause is reversed and remanded.

Reversed and remanded.

## On Motion for Rehearing

 Appellees cite three cases in support of their motion for rehearing. In the first, Armstrong v. Anderson, Tex.Civ.App., El Paso, 70 S.W.2d 801, writ dismissed, the Court held that an inadequate bond given in a certiorari proceeding from the county to the district court was sufficient to confer jurisdiction on the district court.

Brown v. Mataska, Tex.Civ.App., Fort Worth, 262 S.W. 932, no writ history, involved a certiorari proceeding from the justice to the county court and no certiorari bond having been filed although seven terms of the county court had passed since the justice court judgment was rendered the Court of Civil Appeals dismissed the proceeding.

Buchanan v. Bilger, 64 Tex. 589, holds that in a certain proceeding such as we have here the giving of the bond is essential to confer jurisdiction on the district court.

We do not question any of these decisions. We do hold that when the petition for certiorari is timely filed that a reasonable time must be allowed within which to file the bond, otherwise a full two year period would not be granted by Sec. 30 of the Probate Code for revising and correcting probate proceedings but the period would be two years less such time as might be required for the bond to be set, made and filed.

The motion is overruled.

Motion overruled.