

Elbert Hooper, Austin, for petitioner.

Briscoe & Corley, Devine, Graves, Dougherty, Gee & Hearon, Austin, for respondent.

Wynne & Wynne, Wills Point, for petitioners.

Enoch G. Fletcher, Grand Saline, for respondents.

PER CURIAM.

In a proceeding to set aside an order admitting a holographic will to probate and to probate a later holographic will not produced in court, the court of civil appeals has held that heirs of the decedent are not precluded by Article 3716, Vernon's Texas Civil Statutes, the Dead Man's Statute, from testifying that after the death of the testator they saw and read the later instrument and that it was in the handwriting of the deceased; and further, that neither were they precluded by the statute from testifying to the contents of the instrument. Tex.Civ.App., 405 S.W.2d 211. We approve those holdings.

The court of civil appeals made other holdings which are not properly before us for review. Accordingly, writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.

**A. T. ROBERTS et al., Petitioners,**

v.

**O. A. ROBERTS et al., Respondents.**

**No. A–11630.**

Supreme Court of Texas.

Oct. 26, 1966.