**LANPAR COMPANY, Appellant,**

v.

**Lela M. STANFIELD, Appellee.**

**No. 5090.**

Court of Civil Appeals of Texas, Waco.

Nov. 24, 1971.

Rehearing Denied Dec. 30, 1971.

Andress & Woodgate, Wm. Andress, Jr., Dallas, for appellant.

McKenzie & Baer, Allen Joe Fish, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Lanpar from judgment for plaintiff Stanfield, on a debenture issued plaintiff by defendant.

Plaintiff Stanfield filed suit July 14, 1967 against defendant Lanpar on a $5500. debenture issued by defendant October 31, 1959, which provided $1100. plus interest would be paid plaintiff on November 1,

of 1960, 1961, 1962, 1963 and 1964. Plaintiff alleged no payment had been made in 1961, 1962, 1963, and 1964, and sought judgment for $4400; interest and attorneys fees.

Defendant by answer plead the Four Year Statute of Limitations.

Plaintiff amended on February 5, 1971 and on March 23, 1971 suing for the $4400. default on the debenture, interest and attorneys fees, and further alleged "that defendant has waived its defense of Statute of Limitations and is estopped to urge limitations as a defense, by virtue of material representations to plaintiff" by defendant's Chief Executive Officer that if she would not join in a suit by other debenture holders against defendant, that she would be paid on her debenture the same as other debenture holders received as a result of their suit; that at such time such representations were made none of the installments of the debenture were barred by limitations; that plaintiff believed and relied on the representations and delayed filing suit.

Plaintiff further plead defendant's chairman procured plaintiff's delay in filing suit by lulling her into a false sense of security, and defendant should not be allowed to take advantage of its own deceit in inducing plaintiff to postpone filing suit so defendant could invoke the statute of limitations.

Trial was to jury which found:

1) Oren Parmeter acting as an officer of Lanpar Company requested plaintiff in November 1964 not to bring suit on her debenture while another suit by other debenture holders was pending.

2) Parmeter represented to plaintiff that by observing his request she not file suit, she would receive the same settlement debenture holders filing suit received.

3) Parmeter lulled plaintiff into a false sense of security by such promises and representations.

4) Plaintiff's false sense of security was the reason plaintiff did not file suit on the debenture before November 1, 1965.

5) An ordinarily prudent person in plaintiff's circumstances would have concluded Lanpar was waiving the right to assert the Statute of Limitations.

After verdict the trial court granted plaintiff's motion to receive additional evidence under Rule 270, Texas Rules of Civil Procedure, that the other debenture holders who sued Lanpar were paid in full.

Thereafter the trial court rendered judgment for plaintiff for $4400, interest and attorneys fees.

Defendant appeals on 2 points.

■ Defendant's 1st point asserts plaintiff's cause of action became a cause of action upon a new promise, and was barred by limitations. We disagree. Plaintiff's cause of action was upon defendant's defaulted debenture, and plead defendant's chairman by material misrepresentations induced her to delay filing suit until two installments would have been barred by limitation, and that because of defendant's misleading conduct it should be estopped to plead the defense of limitations. The jury found for the plaintiff upon ample evidence.

■ Parties may by their words or conduct estop themselves from pleading limitation. And where a party by misrepresentation of a material fact induces a plaintiff to postpone the filing of a suit until plaintiff's claim is barred by limitations, such party will be estopped from relying on the Statute of Limitations. Panhandle Const. Co. v. Hood, Tex.Civ.App., Er.Ref. 114 S.W.2d 632; Loomis Const. Co. v. Matijevich, Tex.Civ.App., NWH, 425 S.W.2d 39; Elsesser v. Cotham, Tex. Civ.App., NWH, 250 S.W.2d 591; Irwin v. Prestressed Structures, Inc., Tex.Civ. App., NRE, 442 S.W.2d 406; Moutos v. San Saba Co. Peanut Growers Assn., Tex. Civ.App., NWH, 268 S.W.2d 761; Seay

v. Diversified, Inc., Tex.Civ.App., NRE, 382 S.W.2d 518.

Defendant's point 1 is overruled.

Defendant's 2nd point asserts the trial court erred in permitting plaintiff to present evidence after the verdict that the other debenture holders had been paid in full. The evidence was not on a controversial matter, and was proper under Rule 270 T.R.C.P. Moreover the matter is harmless. Defendant's point 2 is overruled.

Affirmed.