**Billy WALKER, Sr., et al., Appellants,**

v.

**Leonard C. HANES et al., Appellees.**

**No. 1288.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1978.

Rehearing Denied Sept. 21, 1978.

Neil Norquest, Stephen P. Dietz, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellants.

Thomas W. Wilkins, Wilkins & Phillips, McAllen, D. A. VanDressar, Caldwell, for appellees.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellants, Billy Walker, Sr., and Billy Walker, Jr., brought a writ of certiorari to review an order of the probate court of Hidalgo County, Texas, refusing to admit to probate the September, 1969 will of Letha L. Bourland, Deceased. The district court granted summary judgment for the beneficiaries of the earlier March will cited by publication because the Walkers had failed to commence this cause of action within the applicable statute of limitation period. Thereafter, the district court entered a second judgment which dismissed the remaining parties, including Hanes and the Rio Grande Bible Institute. Walkers perfected their appeal to this Court.

This case has been before our Court in two previous appeals. The last time was from an order of the district court "dismissing for lack of jurisdiction" the Walkers' petition for writ of certiorari. We held then that the trial court erred in dismissing the writ of certiorari and remanded the cause for trial on the merits. See *In re Estate of Bourland v. Hanes*, 526 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).[1]

The merits of this controversy arose over two purported wills of the decedent, Letha L. Bourland, one dated March 4, 1969, and the other dated September 4, 1969. The March will was admitted to probate on January 5, 1970, by Leonard C. Hanes, the named independent executor, duly qualified as such, and letters testamentary were issued to him. On March 5, 1970, Billy L.

Walker, Sr., the named executor and a beneficiary of the September will, filed an application requesting, among other things, the admission to probate of the September will and the revocation of Hanes' letters testamentary. The probate court on November 8, 1972, denied probate of the September will and confirmed its prior order of probate of the March will. Our mandate of January 14, 1976, which reversed the district court's dismissal of the motion for writ of certiorari for lack of jurisdiction, remanded the cause for a trial on the merits. To date, however, the district court has not heard the merits of the issue of whether appellants should prevail in attempting to probate the September will.

After the cause was returned from this Court to the district court, Hanes again filed a plea to the jurisdiction of the district court alleging that the Attorney General and all of the named beneficiaries of the March will were necessary and indispensable parties to the writ of certiorari proceedings. Thereafter, on May 14, 1976, the Walkers filed an affidavit requesting service by publication on the remaining beneficiaries under the March will. Citation by publication was published four consecutive weeks, ending on June 10, 1976.

On August 26, 1976, the trial court entered an order appointing an attorney ad litem for the beneficiaries cited by publication. Later, the appointed attorney filed an answer on behalf of the beneficiaries cited by publication. This pleading contained a plea to the court's jurisdiction alleging that the trial court lacked jurisdiction to hear the case on the merits because the Walkers failed to timely join the March will beneficiaries so cited by publication. This pleading also contained an answer, subject to the plea to the court's jurisdiction. The answer contained a general denial and specifically pled that Sections 30, 73 and 93 of the Probate Code, as well as Article 5526, barred Walkers' action because they failed

---

1. This Court also previously heard an appeal from a judgment of the district court decreeing that Letha L. Bourland was not domiciled in Prattville, Alabama, at the date of her death.

See *In re Estate of Bourland v. Hanes*, 474 S.W.2d 592 (Tex.Civ.App.—Corpus Christi 1971, no writ).

to proceed against the respondents cited by publication in a timely fashion as required by these sections. In addition, the March will beneficiaries cited by publication filed a motion for summary judgment on the basis that Walkers' cause of action was barred by limitations as pled in their first amended original answer.

This summary judgment motion was supported by the affidavits of the county and district clerks of Hidalgo County, Texas, which stated that no citation of process was ever requested or issued to serve the beneficiaries of the March will during the entire time the cause remained in the county court at law, or from December 14, 1973, the date of the filing of the amended petition for writ of certiorari in district court, until May 16, 1976, the date the affidavit for service of citation by publication was filed. In addition, the motion was supported by the May 14, 1976 Affidavit for Citation by Publication filed by Walkers' attorney, requesting service by publication because the residences of the beneficiaries of the March will were unknown and that after due diligence to find the whereabouts of such beneficiaries, they could not be found. The publisher's affidavit was attached stating the dates of the citation by publication.

On November 19, 1976, Walkers filed an answer to the respondents' motion for summary judgment and filed affidavits in support of their answer. Walkers' reply alleged, among other things, that service was not immediately issued upon the respondents alternately cited by publication because:

". . . when petitioners commenced to determine the whereabouts of the parties, Leonard Hanes and his attorneys represented that they would furnish to petitioners the addresses and whereabouts of the parties so that they could be served. Petitioners waited some time for this information, which was never forthcoming, and this court entered an order of dismissal before service could be had and the suit then spent many months on appeal. After the suit was remanded for trial, Petitioners then served the parties by publication pursuant to an affidavit made by Morgan Talbot."

Walkers' reply also alleged that the affidavit by Morgan Talbot (Affidavit for Citation by Publication) raised an issue of fact as to whether the Walkers knew of the whereabouts of the March will beneficiaries. The trial court's docket includes a notation dated November 22, 1976, that the respondents' motion for summary judgment was taken under advisement pending submission of briefs from both sides which were due by December 6, 1976. Apparently, a hearing was held by the trial court on November 22, 1976. Subsequently, the trial court made a decision; however, no formal order was signed or entered at that time. On January 14, 1977, Walkers filed a "Motion to Reconsider Summary Judgment" requesting the trial court to reconsider its unentered decision granting respondents' motion for summary judgment in light of stipulations [2] made by the parties which were attached to Walkers' motion. The trial court entered an order setting a March 7, 1977 hearing date on Walkers' motion to reconsider.

---

2. The parties stipulated that: 1) the Probate Court Order was entered on November 8, 1972; 2) the writ of certiorari was dismissed by the district court on June 26, 1974; 3) the mandate of this Court of Civil Appeals reversing and remanding the cause to the district court was filed with the district clerk of Hidalgo County on January 14, 1976; 4) citation was issued upon all beneficiaries under the March will except Leonard Hanes, Billy Walker and Billy Walker, Jr., on May 17, 1976; 5) service of such citation was commenced and publication first had on May 20, 1976; 6) service by publication was completed and the publisher's affidavit evidencing the same was executed on

June 10, 1976; 7) excluding the period of time from June 26, 1974 (the date the district court dismissed the writ of certiorari for want of jurisdiction) until January 14, 1976 (the date this Court issued its mandate reversing the district court's dismissal) the number of days which elapsed from the probate court's denial of Walkers' application for probate of the September will and the issuance of citation on May 17, 1976, was 718; 8) the number of days from the denial until the first publication of citation was 721; and 9) the number of days from such denial until the last date of publication on June 10, 1976, was 741.

At this hearing, the record indicates that the trial court considered Walkers' motion and the parties' authorities in support of and against the motion. The trial court then ruled that Walkers' motion to set aside the summary judgment would be overruled. On March 9, 1977, the trial court entered an undesignated "order" or "judgment" which recited in part as follows:

"That the copy of the will of the decedent dated March 4, 1969, attached to and made a part of petitioners' pleadings in this cause, shows conclusively as a matter of law that such respondents cited by publication are necessary and indispensable parties whose interests are adverse to the petitioner's; and

That the pleadings and documents on file, together with the supporting affidavits and instruments show, as a matter of law, that no action was commenced against such parties cited by publication within the period of limitation provided by law; that there is no genuine issue as to any material facts; that the moving parties are entitled to judgment as a matter of law."

On July 28, 1977, the trial court entered a "final judgment" dismissing the remaining respondents, Hanes and Rio Grande Bible Institute, Inc. Walkers then appealed to this Court.

The appellees filed a motion in this Court to dismiss this appeal on the grounds that this Court lacked jurisdiction. The question seemed so serious that we had the attorneys prepare briefs and we heard oral arguments on the motion. On April 20, 1978, we handed down an opinion overruling the motion to dismiss, whereupon briefs on the merits of this appeal were ordered filed and oral arguments were then heard on June 22, 1978. (See Appendix, Opinion on Motion).

The appellants (Walkers) bring forward on appeal points of error complaining of the trial court's action in granting the motion for summary judgment filed on behalf of the respondents cited by publication and of dismissing Hanes and the Rio Grande Bible Institute. Appellants' six points of error can be reduced to two major categories. In points of error one through four and six, the appellants complain of that portion of the March 9th "order" in which the trial court stated that the respondents cited by publication were "necessary and indispensable parties." These points of error have been considered and are overruled. The central point of this appeal, however, concerns appellants' fifth point of error which directly attacks the propriety of the trial court's action in granting the motion for summary judgment in favor of the publication respondents. This point of error is dispositive of the appeal.

In passing upon this point of error, we are guided by the familiar rules concerning summary judgments established by our Supreme Court. Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered where the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a material fact issue are resolved against him. *Great American Reserve Ins. Co. v. San Antonio Plumbing Sup. Co.*, 391 S.W.2d 41 (Tex.Sup.1965). When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. Where the non-movant interposes a basis for tolling the statute or pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.Sup.1975).

This cause arose prior to the 1975 repeal of Section 30 of the Probate Code. Section 30 (then in effect) provided, in part, that "[a]ny person interested in proceedings in probate may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward." The proceeding by certiorari as authorized under Probate Code Section 30 is both direct and appellate in nature. The district

court conducts a trial de novo, but but the issues are confined to errors of the county court specifically set forth in the application for the writ. *McDonald v. Edwards,* 137 Tex. 423, 153 S.W.2d 567, 570 (1941); *Schwind v. Goodman,* 221 S.W. 579 (Tex. Comm'n App.1920, jdgmt app.); *Newsom v. Newsom,* 398 S.W.2d 329, 334 (Tex.Civ.App. —Eastland 1965, writ ref'd n. r. e.), 403 S.W.2d 334 (Tex.Sup.1966). Section 30 of the Probate Code has been called a statute of limitations and, as provided, the application for the writ must ordinarily be made within two years from the time the county court enters the particular orders of which complaint is made. *Ludewig v. Rauch,* 301 S.W.2d 493 (Tex.Civ.App.—Austin 1957, writ ref'd n. r. e.); *Payn v. Caldwell,* 267 S.W. 280 (Tex.Civ.App.—El Paso 1924, error ref'd); *Heaton v. Buhler,* 60 Tex.Civ.App. 423, 127 S.W. 1078 (1910, no writ).

■ Rules 344–351, Texas Rules of Civil Procedure, govern the writ of error proceedings. Rule 344 provides that the application for writ of certiorari "shall state the name and residence of each party *adversely interested . . .*" (Emphasis supplied). All parties in interest, and those whose rights will be directly affected by the decree rendered by the district court, must be made parties defendant in the petition. *McDonald v. Edwards,* 137 Tex. 423, 153 S.W.2d 567, 569 (1941). Stated another way, a party "adversely interested" within this rule is one who has an interest in opposing the object sought to be accomplished. *Roberts v. Roberts,* 405 S.W.2d 211 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.), 407 S.W.2d 772 (Tex.Sup.1967). Walkers' amended application for writ of certiorari filed December 26, 1973, named the March will beneficiaries as adversely interested parties. We implicitly recognized these beneficiaries to be parties adversely interested within the meaning of Rule 344. See *In re Estate of Bourland v. Hanes,* 526 S.W.2d 156, 159 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). Rule 349 provides that when the writ of certiorari has been issued, the clerk shall issue a citation for the party named in the application as being adversely interested in the proceedings sought to be revised.

■ Most of the statutes of limitation contained in the Texas Revised Civil Statutes require that the action be "commenced and prosecuted" or "brought" within a designated time after the accrual of the cause of action. See e. g., Arts. 5524–5529 Tex. Rev.Civ.Stat.Ann. (1958). It is well settled in Texas that, pursuant to the express language of these statutes, the mere filing of a suit will not interrupt the running of statute. To interrupt the running of the statute, not only must the petition be filed, but the use of diligence in procuring issuance and service of citation is required. *Rigo Manufacturing Company v. Thomas,* 458 S.W.2d 180, 182 (Tex.Sup.1970); see also *Ricker v. Shoemaker,* 81 Tex. 22, 16 S.W. 645 (1891).

■ Section 30 does not specifically require that an action be "commenced and prosecuted" or "brought" within two years. That section, however, does implicitly require writ of certiorari proceedings to commence within two years after the entry of the particular probate order of which complaint is made. Generally, the district court lacks jurisdiction to correct any probate order that was entered more than two years prior to filing the application for writ of certiorari pursuant to Rule 344. *Ripley v. Dearing,* 153 S.W.2d 243, 246 (Tex.Civ.App. —Texarkana 1941, writ ref'd w. o. m.); *Pearson v. Holland,* 136 S.W.2d 920, 922 (Tex.Civ.App.—Dallas 1940, writ ref'd). The question remains, however, whether the mere filing of the petition within the two-year period is sufficient to suspend the running of the limitation period prescribed in Section 30? Rules 344–349, Texas Rules of Civil Procedure, govern the procedural requirements for writ of certiorari proceedings. Rule 345 provides that the writ shall be granted upon receipt of the required bond. Rule 347 provides that the district clerk shall issue the writ upon the applicant's compliance with the order of the judge and Rule 349 provides that citation shall issue for the adverse parties. No specific time limit is specified by any of these

rules for giving bond or doing any of the above mentioned acts. Even though Section 30 of the Probate Code does not specifically state that the writ of certiorari proceedings must be "commenced and prosecuted" or "brought" within two years, we hold that the general rules applicable to other statutes of limitation are applicable and should be applied in this case. Cf. *Ludewig v. Rauch,* 301 S.W.2d 493, 495 (Tex.Civ.App.—Austin 1957, writ ref'd n. r. e.).

The applicable statute of limitations began to run on November 8, 1972, the date the probate order in question was entered. Walkers started service by publication to the March will beneficiaries by filing an affidavit for such service on May 14, 1976, and citation was issued on May 17, 1976. The first date of publication occurred on May 20, 1976, and the last of the four publication dates was June 10, 1976. The last date of service by publication was over three and one-half years after the entry of the probate order in question, and over two and one-half years after Walkers filed their amended petition for writ of certiorari.

■■■ However, the limitation time period was tolled during the time this case was on appeal in this Court the last time. As a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right. *Cavitt v. Amsler,* 242 S.W. 246, 249 (Tex. Civ.App.—Austin 1922, writ dism'd). The time period during which this cause was pending in this court during the original appeal (*In re Estate of Bourland v. Hanes,* 526 S.W.2d 156 [Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.]) should not be counted in determining whether Walkers effectively served the March beneficiaries within the two-year limitation period. Cf. *Orndorff v. State,* 108 S.W.2d 206, 211 (Tex. Civ.App.—El Paso 1937, writ ref'd); Limitation of Actions, 37 Tex.Jur.2d § 150 (Appeal) (1962).

■■■ In this case, 741 days elapsed from November 8, 1972, the date the probate court order was entered, until June 10, 1976, the date service by publication was completed (excluding the period of time during which the case pended on appeal). Even so, the Walkers still failed by eleven days to complete service by publication within two years. Normally, this would be grounds for granting the March beneficiaries' motion for summary judgment except for the issue of fact raised by summary judgment evidence concerning Walkers' diligence in procuring issuance and service of citation. It was Hanes' burden to conclusively establish the bar of limitations. This the appellees failed to do. This fact issue was raised in Talbot's affidavit and supported by Walkers' pleadings. The publication respondents failed to meet their burden of negating the plea of diligence. See also *Strickland v. City of Denver City,* 559 S.W.2d 116, 119 (Tex.Civ.App.—Eastland 1977, no writ); *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex.Sup.1975).

■■■ There may also be an issue of fact as to estoppel. A party may be estopped to assert the defense of limitations if his (or his agent's or representative's) statements or conduct induced the plaintiff to refrain from commencing his suit within the applicable time period. See *Mandola v. Mariotti,* 557 S.W.2d 350 (Tex.Civ.App.— Houston [1st Dist.] 1977, writ ref'd n. r. e.); *Ladd v. Knowles,* 505 S.W.2d 662 (Tex.Civ. App.—Amarillo 1974, writ ref'd n. r. e.); *Lanpar Company v. Stanfield,* 474 S.W.2d 753 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.); Limitation of Actions, 37 Tex.Jur.2d § 155 (Estoppel) (1962). Walkers' pleading in opposition to the summary judgment also stated, in effect, that service of process had been delayed by the reliance on Hanes' representations that he would furnish the addresses of the March beneficiaries, which Hanes failed to supply. Although Walkers failed to introduce summary judgment evidence in support of this affirmative defense and since the issue was raised only in their pleadings which cannot be regarded as summary judgment evidence, *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d

540, 545 (Tex.Sup.1971), this issue may be raised by evidence in a trial of this case on the merits.

We, therefore, conclude that the trial court erred in granting the summary judgment in favor of the March will beneficiaries because the burden remained on them to negate the applicability of the diligence issue. This they failed to do by merely showing that service of process had not been completed within the statutory time period. The Supreme Court has found similar summary judgment proof to be insufficient. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex.Sup.1975).

The judgment of the trial court is reversed and the cause is remanded for trial on the merits of the writ of certiorari, subject to the affirmative defense of limitations.

REVERSED AND CAUSE REMANDED FOR TRIAL.

APPENDIX

OPINION ON MOTION

PER CURIAM.

This case is before the Court on appellees' motion to dismiss for want of jurisdiction. Two judgments were entered by the trial court; one on March 9, 1977, and the other on July 28, 1977. Appellants have appealed to this Court from the July judgment. Appellees Leonard Hanes and the Rio Grande Bible Institute, and the respondents cited by publication, filed their motion to dismiss for want of jurisdiction alleging that the appeal was not timely because the March judgment was the final judgment disposing of all issues and all parties. The question before the Court is whether these two judgments combine to make one final judgment.

The record shows that the judgment entered March 9, 1977, granted a motion for summary judgment filed by the respondents cited by publication, and ordered that petitioners Billy Walker, Sr., and Billy Walker, Jr., take nothing as against the respondents cited by publication. The judgment entered July 28, 1977, dismissed the suit as to the remaining respondents, Leonard C. Hanes and Rio Grande Bible Institute, Inc.

All parties filed briefs in this Court concerning appellees' motion to dismiss. Oral arguments on the motion were presented February 10, 1978.

After careful consideration of the record, we are of the opinion that the March judgment was interlocutory and nonappealable. A summary judgment which does not dispose of all the issues and parties in a suit is interlocutory and not appealable unless a valid severance of that phase of the case has been ordered. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959). Although appellees urge that the March judgment was final as to all parties under the rule of *Northeast Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.Sup. 1966), it was not. The *Aldridge* case states a test for determining when a judgment "not intrinsically interlocutory" may be presumed to have disposed of parties or issues not explicitly mentioned. In this case, the March judgment is intrinsically interlocutory in character and the case does not fall within any of the applicable categories enumerated in the *Aldridge* case.

The "final judgment" entered by the trial court on July 28, 1977, on its face disposes of the remaining parties in the lawsuit. In addition, this judgment expressly disposes of any outstanding pleadings and motions. When a prior interlocutory judgment has been entered, the judgment is final as to all parties and issues when the order is finally entered disposing of the last remaining part of the case. *H. B. Zachary Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex.Sup.1963); *Lubell v. Sutton*, 164 S.W.2d 41 (Tex.Civ. App.—Texarkana 1942, writ ref'd).

In determining that we have jurisdiction over the appeal from the July judgment we express no opinion on whether the September will of Letha L. Bourland is entitled to probate, nor do we express an opinion on the validity of any of the trial court's actions in this case.

Appellees' motion to dismiss for want of jurisdiction is DENIED because of the foregoing actions of the trial court. The appellants' brief is to be filed on the merits of the appeal from the July judgment on or before May 23, 1978. Appellees' reply brief is to be filed no later than 25 days after appellants' brief is filed. The case is hereby set for submission and oral argument on the merits for Thursday, June 22, 1978, at 2:00 p. m.

Pending before our Court is a motion seeking leave to file a petition for writ of mandamus in the event that we found neither the March nor the July judgment to be final. This petition seeks to compel the trial court to proceed on trial on the merits of this case. This motion is rendered moot by our finding that we have jurisdiction based on the finality of the July judgment. Motion number M277 is dismissed as moot.